461 So.2d 1246 (1984)
STATE of Louisiana
v.
Mark Stephen CROSS.
No. KA 84 0119.
Court of Appeal of Louisiana, First Circuit.
December 28, 1984.
*1247 Duncan S. Kemp, III, Dist. Atty., 21st Judicial Dist. Court by Sam J. Dileo, Jr., Asst. Dist. Atty., Amite, for plaintiff-appellee State of Louisiana.
Joseph E. Anzalone, Jr., Public Defender, 21st Judicial Dist. Court by Richard C. Macaluso, Asst. Public Defender, Amite, for defendant-appellant.
Before WATKINS, CRAIN and ALFORD, JJ.
ALFORD, Judge.
Defendant, Mark Steven Cross, was charged by grand jury indictment with armed robbery, a violation of La.R.S. 14:64. Defendant pled not guilty, was tried by a jury, and was found guilty as charged. The trial judge sentenced defendant to eighteen years at hard labor without benefit of probation, parole, or suspension of sentence.
Defendant appeals, assigning ten errors. Assignments of Error Numbers 1, 4, 7 and 9 were not briefed on appeal and are therefore considered abandoned. Uniform Rules of the Courts of Appeal, Rule 2-12.4. In addition, we note that there was no Assignment of Error No. 8, i.e., errors assigned skipped from No. 7 to No. 9.[1].
*1248 According to the evidence adduced at trial, on February 13, 1979, defendant and another man, John Ford, robbed Larry J. Perez, the owner and manager of the Minute Man Grocery Store, of $300.00. Perez testified that about 3:00 p.m. a car drove up in front of the store near the gas pumps; a man got out and indicated that he wanted some gas. Shortly thereafter, the man took out a gun and told Perez to "take out your wallet and put it on the counter, open the cash register and get on the floor." Perez did as he was told. The first man went through the cash register while the second man continued holding the gun on Perez. Perez identified defendant as the man with the gun.
John Ford testified that he and defendant robbed the Minute Man Grocery Store on February 13, 1979. He testified to essentially the same facts as Perez. In addition, Ford stated that he and defendant took the money (about $300.00) and the gun and buried them in a wooded area.
Rita Ford, John Ford's sister, testified that on two occassions defendant told her that he and her brother had robbed the Minute Man Grocery Store and had buried the money.

ASSIGNMENT OF ERROR NUMBER 2:
In this assignment of error, defendant contends that the trial court erred in refusing to grant a mistrial based on the untimely severance of the co-defendant.
Defendant and co-defendant John Ford were jointly indicted on charges of armed robbery. On the day set for trial, defendant, his attorney, and the district attorney were present in court; neither co-defendant nor his attorney were present. The indictment charging both defendant and co-defendant with armed robbery was read to the jury. Defense counsel then moved for a mistrial, arguing that although the indictment named both defendant and co-defendant, the district attorney, without first making a motion to sever, had brought only defendant to trial. At this point, the district attorney formally moved for a severance. The trial judge granted the severance and co-defendant's name was removed from the indictment. The trial judge then denied defendant's motion for a mistrial.
Defendant argues that such a severance was an amendment of the indictment requiring a mistrial pursuant to LSA C.Cr.P. art. 487. Article 487 provides in pertinent part: "Before the trial begins the court may order an indictment amended with respect to a defect of substance. After the trial begins a mistrial shall be ordered on the ground of a defect of substance." However, a severance of co-defendants is not an amendment of an indictment grounded on a substantive defect within the meaning of LSA C.Cr.P. art. 487.
According to La.C.Cr.P. art. 704, jointly indicted defendants shall be tried jointly unless (1) the state elects to try them separately, or (2) the court, on motion of the defendant, and after contradictory hearing with the district attorney, is satisfied that justice requires a severance. The code does not state a specific time in which the state must announce its intention to try defendants separately.
We note that it is also evident that defendant knew of the severance when, at the opening of trial, neither co-defendant nor his attorney were present in court. At that point, had defendant been in need of additional time in which to prepare his defense, the proper action would have been to request a recess, which he did not.[2] We *1249 view defendant's failure to do so as a deliberate attempt to cause the mistrial he later requested. We find no merit in this assignment of error.

ASSIGNMENT OF ERROR NUMBER 3:
In assignment of error no. 3, defendant contends that the indictment is defective in that it fails to name a person as victim of the armed robbery. La.R.S. 14:64 defines armed robbery as the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon. The indictment in the present case charges that defendant "while armed with a dangerous weapon, robbed Minute Man Grocery Store ..."
In State v. James, 305 So.2d 514, 516 (La.1974), the Supreme Court stated:
[W]here in fact an accused has been fairly informed of the charge against him by the indictment and has not been prejudiced by surprise or lack of notice, the technical sufficiency of the indictment may not be questioned after conviction where, as here, no objection was raised to it prior to the verdict and where, without unfairness, the accused may be protected against further prosecution for any offense or offenses charged by it through examination of the pleadings and the evidence in the instant prosecution.
In State v. Gainey, 376 So.2d 1240 (La. 1979) and State v. Pichler, 355 So.2d 1302 (La.1978), the court applied the rationale of State v. James, supra, to cases in which a defendant raises a defect in the indictment prior to conviction. The court noted that any obscurity as to an offense charged could have been removed by a motion for a bill of particulars.
In the instant case, defendant has shown no prejudice as a result of the technical insufficiency of the indictment. We find no merit in this assignment of error.

ASSIGNMENT OF ERROR NUMBER 5:
In this assignment of error, defendant argues that the trial court erred in not directing a verdict of acquittal. A review of the record reveals that defendant, at the conclusion of the state's case, moved for "a directed verdict based on the law and not on the facts." However, a trial judge has no authority to grant a directed verdict in a jury trial. See, State v. Andrews, 451 So.2d 175 (La.App. 1st Cir.1984). Accordingly, we find no merit to this assignment of error.

ASSIGNMENT OF ERROR NUMBER 6:
Defendant contends that the trial judge erred when he refused to give a special jury charge requested by defendant. Defendant submitted the following special written charge to the jury:
The Armed Robbery Statute of Louisiana requires a robbery of a person. If the indictment charges armed robbery of a place or thing, you cannot find the defendant guilty of armed robbery.
The state and the defendant shall have the right to submit to the court special written charges for the jury. A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given. La.C.Cr.P. art. 807; State v. James, 431 So.2d 399 (La.1983), cert. denied, ___ U.S. ___, 104 S.Ct. 263, 78 L.Ed.2d 247 (1983).
For the reasons stated in our discussion of assignment of error no. 3, we find the special jury charge requested by defendant to be clearly wrong. The trial judge did not err in refusing to give the requested jury charge. There is no merit in this assignment of error.

ASSIGNMENT OF ERROR NUMBER 10:
Under this assignment of error defendant argues that the evidence was insufficient to support a verdict. As this court stated in State v. Walker, 447 So.2d 54, 55 (La.App. 1st Cir.1984):

*1250 When reviewing the sufficiency of the evidence, the appellate court must review under the standard of La.C.Cr.P. art. 821 regardless of whether the question is raised as a motion for a post verdict judgment of acquittal or as an assignment of error from a holding of the trier of fact. La.C.Cr.P. art. 821; State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983); Joseph, Developments in the Law, 1982-1983: Post Conviction Procedure, 44 LLR 480 (1983). The standard established by La.C.Cr.P. art. 821 is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. La.C.Cr.P. art. 821; Korman, 439 So.2d at 1100.
The victim testified at trial and positively identified defendant as the man who had robbed him. John Ford, the other principal in the robbery, testified that he and defendant robbed the Minute Man Grocery Store together. Viewed in the light most favorable to the prosecution, a rational juror could have determined that the defendant committed the crime as defined by LSA-R.S. 14:64. This assignment of error is without merit.
For the above and foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] We note that despite defendant's failure to set forth a formal assignment of error No. 8, defendant does, however, argue an assignment of error No. 8 in brief. Defendant contends that the trial court erred when it failed to allow, pursuant to the State's objection, defendant to argue that "based on the indictment no crime was committed because the indictment did not set forth a necessary and indispensible element of the crime, namely, that a person be robbed." The law regarding an argument first set out in brief was stated in State v. Spears, 350 So.2d 603, 605, footnote No. 1 (La.1977), as follows:

Defendant's allegations of error are not embodied in a formal assignment of error. His contention first appears in his brief.
Article 844 of the Code of Criminal Procedure provides:
"The party appealing shall designate, in writing, those errors which are to be urged on appeal.
"This assignment of errors shall be filed within the time specified by the trial judge.
"The trial judge may submit such per curiam comments as he desires."
Moreover, Article 920 of the Code of Criminal Procedure provides:
"The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." (Emphasis added.)
Hence, these allegations of error are not properly before us on appeal.
[2] See State v. Sims, 346 So.2d 664 (La.1977), in which the court found that a motion to sever made by the state three days prior to trial was timely. The court noted that a continuance would have been the appropriate vehicle to rectify any harsh effects which ordering the severance may have caused to defendant.