477 So.2d 1231 (1985)
STATE of Louisiana
v.
Raymond B. MOORE.
No. 85 KA 0213.
Court of Appeal of Louisiana, First Circuit.
October 8, 1985.
Rehearing Denied November 8, 1985.
Writs Denied January 13, 1986.
*1232 William E. Woodward, Asst. Dist. Atty., Clinton, for plaintiff-appellee.
Clayton M. Perkins, St. Francisville, for defendant-appellant.
Before CARTER, SAVOIE and ALFORD, JJ.
CARTER, Judge.
Raymond B. Moore was indicted by the East Feliciana Parish grand jury on a charge of attempted simple burglary, a violation of LSA-R.S. 14:27 and 14:62. He pled not guilty and after trial by jury was convicted as charged. The trial court sentenced him to serve four years at hard labor, to run consecutively to any sentence he may currently be serving. He has appealed, urging one assignment of error, the trial court's denial of his motion for post verdict judgment of acquittal.

FACTS
Julius Westmoreland, Deputy Marshall for the Clinton Police Department was on patrol in his police vehicle "around town" from 6:30 p.m. November 16, 1983, until 6:30 a.m. the following morning. At approximately 1:00 a.m., he approached the Sears Catalog Store, located just south of Clinton on Plank Road in East Feliciana Parish, and noticed a brownish colored vehicle parked on the side of Plank Road near the store. He testified that he routinely checked the store and had checked both the front and rear of the store previously that night. On this subsequent check, he drove to the back of the building, where he observed a rear view of a short, black male. The lighting conditions were not very good beyond the headlights of Westmoreland's vehicle, which were directed straight to the back of the store and not directly on the man. Westmoreland did not get a good look at the man, only a side view. The man was standing on automotive batteries that had been stacked about three feet high. The batteries had not been stacked in that manner on Westmoreland's prior patrol of the store that night. While standing on the batteries, the man had his arms outstretched toward the store's burglar alarm system. At the time Westmoreland first observed the man, he jumped down from the stack of batteries and ran south, behind the store. At this point, Westmoreland turned his vehicle around, coming to the front of the store in an effort to head off the man, but he did not see the man thereafter. He then checked the parked vehicle he had found at the scene and called the East Feliciana Sheriff's Office to inform them that an attempted burglary was in progress.
In response to Westmoreland's call, Delmas Raymond Bell, an East Feliciana Parish Deputy Sheriff, arrived at the scene at about 1:25 a.m. and noticed a brown automobile parked to the south of the store, on the east side of the road, in which a black female was sitting. Westmoreland was in his own unit, parked in the parking area of the store. Bell went around to the rear of the store and noticed five automotive batteries stacked adjacent to a rear door of the store. The door was approximately three feet in width and six to seven feet in height. The batteries were stacked to a height of about five feet. Bell noticed that a burglar alarm siren box, located about twelve to eighteen inches above the door, had a missing screw and another screw partially unscrewed from it. Bell also noticed some footprints leading away through an area south of the store where some dirt had apparently been removed recently for some construction work.
Bill Gant, the store owner, testified that his store faces west, i.e. toward Plank Road. The only entrances to the store *1233 consist of double plate glass doors in front, a steel walk-in door in back, and a steel roll-up door in back for freight. The building also has plate glass windows on the front which do not open. When Gant made his usual check of the store building, following the incident, he determined that the entrances to his building were in the same condition as on the previous day. The investigating officers' testimony, consistent with that of Gant, was to the effect that they found no evidence of an entry or attempted entry of the building, with the exception of the evidence relating to the burglar alarm siren box.
Gant testified that the store is equipped with an electronic burglar alarm system. The system had two siren boxes on the outside of the building. One of the boxes is on the northwest corner and the other on the back of the building, facing east. He inspects the burglar alarm system daily and inspected it on November 16, 1983. When asked if he had observed any screws loose when he made his inspection, he responded: "No there wasn't anything wrong with it." The following day he saw that a couple of screws were missing from the siren box in the rear of the building. He testified that he did not know whether the burglar alarm had gone off in this particular incident. He further testified that the alarm would have been triggered if anyone had tried to forcibly enter the building or had removed the cover from either siren box. He also stated that, although removal of the cover to the siren box would have triggered the alarm, by removing the cover someone could shut the system down by cutting the appropriate wire inside the box.
Pat Lane, a forensic scientist with the Louisiana State Police Crime Laboratory, conducted an investigation of the crime scene on the date of the incident. He removed the siren box located at the rear of the store, took it to the crime laboratory, and lifted latent fingerprints from the outside bottom right side of the box, which he turned over to Sybil Guidry, a fingerprint examiner with the state police. Guidry fingerprinted defendant the morning of trial. She made a comparison of those prints with a latent print that Lane lifted from the siren box and positively identified the latent print as that of defendant.

ISSUE
Defendant argues that the state failed to prove the essential elements of attempted simple burglary, focusing particularly on the alleged lack of proof as to an attempted entry of the building. Defendant states in brief that "[i]t appears that the facts shown at trial were still in the mere preparation category."

DISCUSSION
The standard of review for sufficiency of evidence to support a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the state proved the essential elements of the crime and defendant's identity as perpetrator of that crime beyond a reasonable doubt. LSA-C.Cr.P. art. 821; State v. Korman, 439 So.2d 1099 (La.App. 1st Cir. 1983); State v. Johnson, 461 So.2d 673 (La.App. 1st Cir.1984). The statutory rule as to circumstantial evidence is, "[A]ssuming every fact proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." LSA-R.S. 15:438. However, where circumstantial evidence is used to convict, exclusion of every reasonable hypothesis of innocence is simply a component of the more comprehensive reasonable doubt standard, providing an evidentiary guideline for a jury and facilitating an appellate court in determining whether a rational juror could have found guilt beyond a reasonable doubt. State v. Nealy, 450 So.2d 634 (La.1984); State v. Johnson, supra.
Simple burglary is defined in LSA-R.S. 14:62, in pertinent part, as follows:
Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, *1234 with the intent to commit a felony or any theft therein....
An attempt is defined in LSA-R.S. 14:27, Subsections A and B, in pertinent part, as follows:
A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
B. Mere preparation to commit a crime shall not be sufficient to constitute an attempt....
Specific intent to commit a felony or theft is required for attempted simple burglary, LSA-R.S. 14:27 and 14:62. State v. Jones, 426 So.2d 1323 (La.1983); State v. Marcello, 385 So.2d 244 (La.1980).
LSA-R.S. 14:10(1) defines specific intent as follows:
Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.
Specific intent need not be proven as a fact. It may be inferred from the circumstances of the transaction and the actions of the defendant. LSA-R.S. 15:445; State v. Graham, 420 So.2d 1126 (La.1982); State v. Savoie, 448 So.2d 129 (La.App. 1st Cir.1984), writ denied, 449 So.2d 1345 (La. 1984).
In order to attempt to commit a crime, an offender must actively desire to cause the specific results required by a particular criminal statute and do or omit an act for the purpose of and tending directly toward the accomplishing of his object. LSA-R.S. 14:10 and 27; State v. Parish, 405 So.2d 1080 (La.1981) on rehearing, appeal after remand, 429 So.2d 442 (La. 1983).
We must look to inferences made by the trier of fact based on circumstantial evidence and these inferences need only exclude all reasonable hypotheses, not every possible theory, of innocence. State v. Jackson, 419 So.2d 837 (La.1982). Our review of the record convinces us that this standard has been met in this case.
A black man was observed by Officer Westmoreland, at approximately 1:00 a.m. at a Sears Catalog Store, standing atop a stack of old automotive batteries, under cover of darkness, with his arms outstretched toward one of the store's burglar alarm siren boxes located at the rear of the building. When Westmoreland drove his police vehicle behind the store, he observed the man as he fled the scene. Flight and attempt to avoid apprehension indicates consciousness of guilt, and therefore, is one of the circumstances from which a juror may infer guilt. State v. Fuller, 418 So.2d 591 (La.1982).
The owner of the store testified that he had examined the store's burglar alarm system and particularly the siren box located at the rear of the store, the day prior to the incident and there were no loosened screws at the time of his inspection. Upon investigation of the incident, it was discovered that a screw had been removed from the siren box located above the stacked batteries. Latent fingerprints lifted from the cover of the siren box were positively identified as being those of defendant.
Applying the statutory rule as to circumstantial evidence as a component of the more comprehensive reasonable doubt standard, we find that the evidence supports the trier of fact's finding of guilty of the offense of attempted simple burglary. See State v. Nealy, supra; State v. Johnson, supra.
Therefore, defendant's sole assignment of error is meritless, and the conviction and sentence are affirmed.
AFFIRMED.