509 So.2d 829 (1987)
STATE of Louisiana
v.
Carl CHRISTY.
No. KA 86 1643.
Court of Appeal of Louisiana, First Circuit.
June 23, 1987.
*830 Donald T. Carmouche, Dist. Atty., Donaldsonville, for plaintiff-appellee State of La.
Donald R. Johnson, Attorney at Law, Baton Rouge, for defendant-appellant Carl Christy.
Before EDWARDS, WATKINS and LeBLANC, JJ.
LeBLANC, Judge.
Defendant, Carl Christy, was charged by bill of information with distribution of cocaine, a violation of La.R.S. 40:967(A). After a trial by jury, he was found guilty as charged and sentenced to ten years imprisonment at hard labor. Defendant has appealed arguing that the evidence against him was insufficient, that the trial court erred in admitting into evidence a laboratory report and a packet of cocoaine, and *831 that the sentence imposed upon him was excessive.[1]
The facts of this case are as follows. While working undercover on April 26, 1985, Deputy Sheriff Patrick Favorite arrived at a nightclub in Prairieville, parked his vehicle in front and remained seated inside it. From that vantage point, he observed defendant going back and forth between a red Cadillac and a brown Lincoln parked near it. Favorite also observed people going to defendant's car, the red Cadillac, apparently "making buys".
When Favorite approached the window of defendant's car and indicated he wanted "to make a score", defendant responded that he had some quality cocaine. Favorite asked the price of the cocaine, and defendant replied that it was sixty dollars. When asked to do so, defendant then showed Favorite the substance for sale. Favorite thereupon gave defendant three twenty dollar bills, and the purchase was completed. After driving away a short distance, Favorite stopped and wrote down the license number of the car in which defendant was seated. Defendant's name was obtained when a check was conducted on this license number. A laboratory test subsequently indicated that the substance purchased by Favorite contained cocaine. When Favorite's undercover assignment ended approximately two months later, defendant was arrested and charged with the instant offense.

ASSIGNMENTS OF ERROR NOS. ONE, THREE AND FOUR:
By means of these assignments, defendant contends the evidence is insufficient to support the jury's verdict. Defendant argues generally that the state failed to prove the essential elements of the offense; and, more particularly, that the state failed to prove his identity as the perpetrator of the crime.
The standard of review for sufficiency of evidence to support a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the state proved the essential elements of the crime and defendant's identity as perpetrator of that crime beyond a reasonable doubt. La. Code Crim.Pro. art. 821; State v. Moore, 477 So.2d 1231 (La.App. 1st Cir.1985), writ denied, 480 So.2d 739 and 741 (La.1986).
Contrary to defendant's assertion in brief, the state was not required to prove that defendant owned the automobile from which the cocaine was purchased. The state was only required to prove defendant's identity as the perpetrator and the essential elements of the offense. See State v. Moore, supra. At trial, Favorite unequivocally identified defendant as the person from whom he purchased the cocaine. Favorite's testimony indicated that this identification was based on his recollection of defendant's face and not on any other factors.
We find that, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the state proved the essential elements of the instant offense and defendant's identity as the perpetrator of the offense beyond any reasonable doubt.
These assignments are without merit.

ASSIGNMENT OF ERROR NO. TWO:
By means of this assignment, defendant contends that his sentence is excessive. He argues that the trial court failed to give adequate consideration to the mitigating factors present in this case.
Article I, § 20 of the Louisiana Constitution prohibits the imposition of excessive punishment. Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime, or is nothing more than the needless imposition of pain and suffering. State v. Reed, 409 So.2d 266 (La.1982).
A trial court's reasons in imposing sentence, as required by La.Code of Crim.Pro. art. 894.1, are an important aid to this Court in reviewing a sentence alleged to be excessive. State v. Wade, 442 So.2d 681 (La.App. 1st Cir.1983), writ denied, 444 *832 So.2d 1245 (La.1984). Although the trial court need not recite the entire checklist found in art. 894.1, the record must reflect that the court adequately considered the guidelines. State v. Davis, 448 So.2d 645 (La.1984). A trial court has wide discretion in imposing a sentence within statutory limits. State v. Sepulvado, 367 So.2d 762 (La.1979).
Distribution of cocaine is punishable by imprisonment at hard labor for not less than five nor more than thirty years and a possible fine of not more than fifteen thousand dollars. In the instant case, defendant was sentenced to imprisonment at hard labor for a term of ten years, and no fine was imposed.
In the present case, the trial court noted that defendant was classified as a second felony offender and had a history of violent crimes, including arrests involving two shooting incidents. The court noted that the more recent shooting, which occurred subsequent to the instant offense, involved the shooting of defendant's common-law wife who was paralyzed from the waist down as a result of her injuries. Additionally, defendant's prior criminal record included a pandering conviction and a 1983 California conviction for distribution of cocaine for which defendant was placed on supervised probation for three years. The court observed that the instant offense and the charges relating to the more recent shooting incident had occurred during the term of defendant's probation for his 1983 California drug offense. The court felt that these occurrences indicated that rehabilitation of defendant had been unsuccessful and probably would continue to be unsuccessful. The court noted that defendant continued to deny his guilt of the instant offense, although the evidence presented at trial was sufficient to sustain his conviction. The trial court also noted that defendant's employment history had been sporadic. Further, the trial court noted that, although the presentence investigation prepared by the California authorities revealed defendant had a history of drug abuse, defendant denied to the agent who prepared the instant presentence investigation report that he ever used drugs or marijuana.
The trial court's oral reasons for sentencing indicate it carefully considered whether there were any mitigating factors present and concluded there were not.
Finally, in rendering its sentence, the trial court noted that as a second felony offender defendant was not eligible for a suspended sentence or probation. In any event, the court felt defendant was in need of correctional treatment of a custodial environment and that a lesser sentence would deprecate the seriousness of the offense.
Given compliance with the sentencing criteria of La.Code of Crim.Pro. art. 894.1, the sentence imposed will not be set aside in the absence of a manifest abuse of discretion. State v. Wardlow, 448 So.2d 257 (La.App. 1st Cir.1984). We find no abuse of discretion either in utilization of the factors considered or the weight given to these factors, and therefore, do not find defendant's sentence to be excessive.
This assignment lacks merit.

ASSIGNMENT OF ERROR NO. FIVE:
By means of this assignment, defendant contends that the trial court erred in admitting into evidence a packet of cocaine (S-2), and the laboratory report (S-1) prepared on it. He argues that neither the relevancy nor a proper foundation had been established at the time the cocaine was admitted into evidence. He further argues that, although La.R.S. 15:499-500 provided for the admissibility of the certificate and proper custody of the physical evidence from the time of its delivery to the laboratory until its removal, the relevancy of the certificate had not been established at the time of its admission into evidence. Defendant asserts he was prejudiced by the premature admission of the cocaine into evidence, because admission of the evidence without testimony as to its relevancy relieved the state of its burden of proving that the cocaine was the substance distributed by defendant.
Demonstrative evidence can be admitted into evidence only after it is shown that, more probably than not, the evidence is connected with the case. That foundation can be laid by establishing a chain of custody of the evidence or by visual identification. Once that foundation is established, *833 the weight to be given the evidence is a question for the jury. State v. Day, 468 So.2d 1336 (La.App. 1st Cir.1985).
Relevant evidence is evidence tending to show the commission of the offense and the intent, or tending to negate the commission of the offense and the intent. La. R.S. 15:441. Any evidence, whether direct or circumstantial, is relevant if it tends to prove or disprove the existence of a material fact. State v. Williams, 486 So.2d 889 (La.App. 1st Cir.), writ denied, 489 So.2d 915 (La.1986). In the present case, Favorite testified that immediately after he purchased the substance from defendant, he returned to his van and drove a short distance, then stopped and placed the purchased substance in a brown evidence envelope, sealed the envelope and noted on it the time, date, type of vehicle occupied by defendant and the license number of that vehicle. On the following day, Favorite delivered the envelope to his superior, Lt. Bowie, who testified that he locked the envelope inside his desk until he relinquished it to Deputy Jerry Self. Deputy Self testified that after he obtained the plastic bag containing the suspected cocaine (S-2) from Lt. Bowie, he submitted it to the Louisiana State Police Crime Laboratory for analysis. The laboratory report subsequently rendered, disclosed that the substance in the plastic bag contained cocaine. Deputy Self then picked up the envelope from the crime lab and placed it in the evidence room where to his knowledge, it remained until trial.
We find that the state's evidence established both the relevancy and requisite foundation for admission of S-1 and S-2 into evidence. Hence, the trial court properly admitted these items into evidence; and, their admission did not prejudice defendant.
This assignment lacks merit.
For the above reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Assignment of error six was not briefed by defendant and is, therefore, considered abandoned. Uniform RulesCourt of Appeal, Rule 2-12.4.