LeBLANC, Judge.
Defendant, Raymond Joseph Devillier, was charged by bill of information with armed robbery, a violation of La.R.S. 14:64. Defendant withdrew his former plea of not guilty and, after a Boykin hearing, entered a plea of guilty as charged. Defendant was sentenced to twelve years at hard labor without benefit of probation, parole or suspension of sentence.
On appeal, defendant urges the exces-siveness of his sentence and requests a review of the record for errors patent.
The factual background of the instant offense appears in the presentence investigation report and the transcript of the Boy-kin hearing. At approximately 3:00 a.m. on January 28, 1987, defendant, while armed with a .22 caliber pistol, and a co-defendant robbed a clerk at a convenience store in Slidell, St. Tammany Parish, Louisiana. Defendant pointed the firearm at the clerk and demanded money, thereby creating a potentially dangerous situation for any other person walking into the convenience store.
Defendant was sentenced to twelve years at hard labor, without benefit of probation, parole or suspension of sentence. The potential sentencing range for armed robbery is five to ninety-nine years imprisonment at hard labor without benefit of probation, parole or suspension of sentence. See La. R.S. 14:64.
Article I, § 20, of the Louisiana Constitution prohibits the imposition of excessive punishment. The excessiveness of a sentence is a question of law which is reviewable. See State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence may be excessive either by reason of its length or because the circumstances warrant a less onerous sentencing alternative. State v. Telsee, 425 So.2d 1251 (La.1983). In other words, a sentence may be both within the statutory limits and constitutionally excessive. State v. Sepulvado, supra. A sentence is excessive when it is grossly out of proportion to the severity of the offense or nothing more than the needless and purposeless imposition of pain and suffering. To determine whether a penalty is grossly disproportionate to the crime, the court considers the punishment and the crime in light of the harm to society and whether the penalty is so disproportionate as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980). Because of the wide discretion afforded the trial court in imposing sentence, a sentence within statutory limits will not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982).
A trial court’s reasons for imposing a particular sentence, as required by La.Code Crim.P. art. 894.1, are an important aid to this Court when reviewing a sentence alleged to be excessive. State v. Christy, 509 So.2d 829 (La.App. 1st Cir.), writ denied, 513 So.2d 296 (1987). The trial court need not recite the entire checklist found in La.Code Crim.P. art. 894.1. However, the
*730 record must reflect that the court adequately considered the guidelines. State v. Davis, 448 So.2d 645 (La.1984). However, even when the trial court has not complied with La.Code Crim.P. art. 894.1, this Court need not remand the case for resentencing, unless the sentence imposed is apparently severe in relation to the particular offender or the offense committed. State v. Davis, supra.
The record reflects both that there was a factual basis for the sentence imposed and that the presentence investigation report was considered by the trial court. However, defendant’s assertion that the trial judge did not adequately state his reasons for sentencing as required by the Code Crim.P. art. 894.1 is correct. Nevertheless, it is not necessary to remand this case for resentencing because the sentence imposed was not apparently severe in relation to defendant or the offense he committed. The presentence investigation report contains mitigating as well as aggravating factors. The report reveals that defendant is a first-felony offender. Likewise, the report reveals that defendant, while armed with a firearm, pointed the weapon at point-blank range at the convenience store clerk, with whom he was acquainted through prior patronage of the store, and demanded money. The report additionally reveals that the victim has suffered considerable emotional distress and was too upset to ever return to work at the convenience store. Further, in addition to the present offense, defendant has been arrested on two other occasions, all three arrests being within a single year.
Under the circumstances of this case, we are unable to say that the trial court abused its discretion in sentencing defendant to twelve years at hard labor without benefit of probation, parole or suspension of sentence. The sentence imposed is in the extreme lower range of the possible sentences under La.R.S. 14:64. The record reflects that this sentence imposed is not severe in relation to defendant and the offense committed. Thus, we do not find defendant’s sentence to be excessive.
Additionally, defendant requests a review of the record for errors patent on the face of the record. This Court automatically reviews the record for errors patent without a special request. See La.Code Crim.P. art. 920(2). Upon thorough review of the record, we have discovered no errors patent on the face of the pleadings or proceedings.
Accordingly, defendant’s assignments of error are without merit, and his conviction and sentence are affirmed.
AFFIRMED.