LOTTINGER, Judge.
Defendant, Michael Anderson, was initially charged with burglary of an inhabit *457 ed dwelling. Defendant pleaded not guilty to the charge. Subsequently, the bill of information was amended to charge defendant with the crime of aggravated burglary. La.R.S. 14:60. Defendant waived formal arraignment, withdrew his initial plea of not guilty, and entered a plea of guilty to the charged offense. Defendant was thereafter sentenced to nine years imprisonment at hard labor. Defendant immediately objected to the sentence imposed, and, thereafter, filed a motion to withdraw his guilty plea, claiming a breach of a plea bargain sentencing agreement by the trial judge. A motion for appeal was filed on the same date as the motion to withdraw the guilty plea.
Defendant has presented three assignments of error for our review:
1. The trial court erred by reneging on the plea bargain agreement to place a three-year ceiling on the length of the term of imprisonment.
2. The trial court erred in denying defendant’s motion to withdraw a guilty plea after the trial court reneged on the plea bargain sentencing agreement.
3. The trial court erred by imposing an excessive sentence.
FACTS
The facts of the instant offense are revealed in the transcript of the preliminary examination. On December 29, 1986, Baton Rouge detectives responded to a burglary in progress at a local residence. Upon arrival, the detectives questioned the head of household, who related that he had been investigating a crashing noise and the screams of his daughter emanating from the north-side bedroom in his home. As he entered the bedroom; the father saw a black male struggling with his daughter. The father attempted to defend his daughter, but the man escaped his grasp and fled through the same door he had earlier used to gain entry into the house. Father and daughter gave their descriptions of the black male to detectives.
Soon after leaving the burglarized residence, the detectives observed a black male fitting the description given by father and daughter. The suspect (defendant) saw the detectives and fled, but he was soon apprehended and arrested.
Subsequently, defendant appeared before the trial court and expressed a desire to plead guilty to the charged offense. A proper Boykin examination was conducted, after which the guilty plea was accepted. During the Boykin examination, the trial court agreed to release defendant on post-conviction bond for ninety days pursuant to the Pretrial Services Program. During the ninety-day period, defendant was to report to a probation officer on a daily basis, observe a curfew, and attend the Vocational Technical School at state expense. The trial court promised defendant a probated sentence, provided defendant complied with all of the special conditions of the Pretrial Services Program. While out on bond, defendant was arrested and charged with the commission of several additional crimes. He was subsequently sentenced to a nine-year term of imprisonment at hard labor.
REVIEW OF RULING ON MOTION TO WITHDRAW GUILTY PLEA
In brief, defendant claims that the trial court reneged on a plea bargain sentencing agreement by sentencing him to a nine-year term of imprisonment at hard labor. Defendant contends that he agreed to plead guilty to the charge of aggravated burglary in exchange for a three-year ceiling on the length of the term of imprisonment. After the trial court pronounced defendant’s sentence, defense counsel immediately objected and took exception to the allegedly breached plea bargain agreement. The following discussion took place:
THE COURT: * * * It’s my feeling that he should do nine years in the Department of Corrections.
MR. BEARD: Your Honor, I’m going to object to the sentence because when we talked during the pre-negotiations— when we talked during pre-negotiations, there was a ceiling on our sentencing, and the nine exceeds that ceiling that we discussed. That was the only reason why we entered a plea to — a plea of guilty in conjunction with this particular *458 crime. I think at this time we should be allowed to withdraw our plea and be able to go forward with it.
THE COURT: Specifically, I said I would give him probation. If he does go to jail, it’s his fault and not my fault; that he’s got 90 days to decide what’s going to happen to him. It was my intention to put him on probation. He admittedly committed other crimes. And according to the statement from Probation and Parole actually robbed his mother. I don’t feel that I’m obligated — I feel that I’ve complied with my end of the bargain. And if Mr. Anderson wants—
MR. BEARD: We had a ceiling on our sentencing, Your Honor. When we entered our plead [sic] of guilty, we had a ceiling on that sentencing because under no circumstances would I allow him to be wide open like this, Your Honor. We had a ceiling. When you and I talked and the Assistant District Attorney, we had a ceiling on the — ceiling on—
THE COURT: The ceiling didn’t contemplate him committing additional crimes.
MR. BEARD: He’s not convicted on those additional crimes yet, Your Honor.
THE COURT: I can consider them in sentencing. I can consider arrests in sentencing.
>): * * $ * #
One week after the sentencing hearing, defense counsel filed a written motion to withdraw the guilty plea, as well as a motion for appeal. On September 30, 1987, the trial court signed an order, ordering the state to show cause why defendant should not be allowed to withdraw his plea of guilty on November 4, 1987. The record does not reflect that the hearing to show cause why defendant should not be permitted to withdraw his plea of guilty took place. No final judgment or ruling appears in the record. There is nothing of record for this Court to review pursuant to assignments of error numbers one and two. Only that which is in the appellate record may be reviewed on appeal. La.Code Crim.P. art. 914.1; State v. Vampran, 491 So.2d 1356, 1364 (La.App. 1st Cir.), writ denied, 496 So.2d 347 (La.1986).
Accordingly, we refer defendant to post-conviction procedures in order to pursue the issue presented in assignments of error numbers one and two regarding the consensual nature of the guilty plea. Defendant may properly raise the issue in an application for post-conviction relief filed in the district court where a full evidentiary hearing may be conducted. Only in an evidentiary hearing in the district court, where the defendant may present evidence beyond that contained in the record, could these allegations be sufficiently investigated. Therefore, we conclude that the issue of a breached plea bargain agreement which affected the consensual nature of the guilty plea would be more properly raised by an application for post-conviction relief.
For the above reasons, assignments of error numbers one and two are without merit.
EXCESSIVENESS OF SENTENCE
By assignment of error number three, defendant contends the trial court erroneously imposed an excessive sentence. Defendant was sentenced to nine years imprisonment at hard labor for the offense of aggravated burglary. Aggravated burglary, a violation of La.R.S. 14:60, carries a penalty of imprisonment at hard labor for not less than one, nor more than thirty years.
A trial court’s reasons for imposing a particular sentence, as required by La.Code Crim.P. art. 894.1, are an important aid to this Court when reviewing a. sentence alleged to be excessive. State v. Christy, 509 So.2d 829, 831 (La.App. 1st Cir.), writ denied, 513 So.2d 296 (La.1987). The trial court need not recite the entire checklist found in La.Code Crim.P. art. 894.1. However, the record must reflect that the court adequately considered the guidelines. State v. Davis, 448 So.2d 645, 653 (La.1984). A sentence will be considered excessive if it is grossly out of proportion to the severity of the crime or if it is nothing more than the purposeless and needless *459 imposition of pain and suffering. State v. Sims, 410 So.2d 1082, 1084 (La.1982). To determine if a sentence is grossly disproportionate, the court must consider the punishment and the crime in light of the harm to society and determine whether or not the penalty is so disproportionate that it shocks our sense of justice. State v. Pearson, 425 So.2d 704, 705 (La.1982). A trial court has wide discretion to impose a sentence within statutory limits. State v. Sepulvado, 367 So.2d 762 (La.1979).
In sentencing defendant, the record reflects the trial court found a factual basis for the sentence imposed and that it considered the presentence investigation report. The presentence investigation report contains mitigating as well as aggravating factors. The report reveals that defendant is a first-felony offender but has an extensive juvenile record involving offenses against the person. The report also indicates that defendant is a probation risk and because of health reasons is not recommended for the Intensive Incarceration/Supervision Program.
The trial court specifically noted there was an undue risk that during any period of suspended sentence or probation defendant would commit another crime. Moreover, the trial court stated that, during the time defendant was released on post-conviction bond, he committed other purse snatchings and apparently stole money from his mother. The trial court found that defendant is in need of correctional treatment which could be provided most effectively by commitment to an institution. The trial court additionally noted that a lesser sentence would depreciate the seriousness of defendant’s crime. Defendant’s conduct did cause and threaten to cause serious harm, and there was no provocation for the conduct. The trial court noted that defendant has a history of prior delinquency and criminal activities and that the criminal conduct is very likely to recur.
Under the circumstances of this case, we are unable to say that the trial court abused its discretion in sentencing defendant to nine years imprisonment at hard labor. The record reflects that the sentence imposed is not severe in relation to defendant and the offense committed. Thus, we are unable to find defendant’s sentence excessive. Defendant’s sentence is well within the lower range of possible sentences for the offense committed.
This assignment of error is without merit.
Therefore, the conviction and sentence are affirmed.
AFFIRMED.