573 So.2d 1155 (1991)
STATE of Louisiana
v.
Mitchell DARVILLE.
No. 90-KA-560.
Court of Appeal of Louisiana, Fifth Circuit.
January 16, 1991.
*1156 Dale J. Petit, Indigent Defender, Hester, for defendant-appellant.
Donald T. Carmouche, Dist. Atty., Abbott J. Reeves, Asst. Dist. Atty., Donaldsonville, for the State.
Before BOWES, GAUDIN and GOTHARD, JJ.
BOWES, Judge.
The defendant, Mitchell Darville, was charged by bill of information filed on September 19, 1983 with armed robbery (LSA-R.S. 14:64) possession of a firearm by a convicted felon (LSA-R.S. 14:95.1) and illegal discharge of a firearm (LSA-R.S. 14:94). On September 16, 1985, defendant pled guilty to armed robbery. In exchange for defendant's plea, the State dismissed the remaining two charges. The defendant was sentenced to twenty (20) years at hard labor without benefit of parole, probation or suspension of sentence.
Defendant filed an application for post-conviction relief in March of 1990, challenging the validity of his armed robbery conviction. After a hearing, the trial court denied defendant's application for post-conviction relief. Defendant appeals.[1]
*1157 Defendant presents only one assignment of error on appeal, namely, that his court-appointed counsel was ineffective because he permitted his client to plead guilty to a defective bill of information.
Defendants in criminal trials are entitled to effective assistance of counsel under the Sixth Amendment to the U.S. Constitution and Article I, Section 13 of the Louisiana Constitution. When a defendant seeks reversal of a conviction based on ineffective assistance of counsel, he must meet the two-prong test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), rehearing denied 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984).
First, defendant must show that his counsel's performance was deficient. This requires showing that his counsel made errors so serious that he was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. The performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances.
Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that his counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. When a defendant challenges a conviction on this basis, the question presented is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt concerning the guilt of the defendant.
This two-part test of Strickland v. Washington, supra, also applies to challenges to guilty pleas based on ineffective assistance of counsel. State v. Washington, 491 So.2d 1337 (La.1986).
The bill of information filed in this case charges that the defendant "Unlawfully Violated R.S. 14:64 by Committing Armed Robbery of Jake's Place." The bill of information is defective insofar as it charges the defendant with the armed robbery of a building rather than with the armed robbery of an actual person/victim.[2]
Having determined that the bill of information was, in fact, defective, the next issue which must be addressed is whether his attorney's failure to make defendant aware of the defective information constituted ineffective assistance of counsel. We conclude that it did not.
The record shows that, despite the fact that the bill of information was defective, defendant was well aware of the elements and specific facts of the offense with which he was charged and to which he ultimately pled guilty.
The details of the armed robbery were annexed to defendant's motion requesting a sanity commission. The defendant was *1158 informed of the allegations against him, both orally and on the waiver of rights form, at the time he tendered his guilty plea. Before accepting the plea, the court informed the defendant of each of the elements of the offense of armed robbery.
Furthermore, the testimony at the hearing on defendant's application for post-conviction relief also established that defendant was aware of the elements of the offense and the alleged facts and, therefore, was not prejudiced by the defective bill of information. At the hearing, defendant initially testified that if he knew that the bill of information was defective, he would not have pled guilty because they "would have prepared a defense going to trial filing a motion to squash [sic]." He further testified that even if the bill had been amended to correctly allege the offense, he would have gone to trial; however, he eventually testified that "If the bill of information was valid, most likely I would have plead guilty." Defendant again admitted to facts of the offense, as he did at the guilty plea proceeding.
Defendant's counsel at the time of the plea, Wilbur Wood Reynaud, also testified at the hearing on defendant's application for post-conviction relief. He testified that defendant made statements implicating himself and exonerating a co-defendant, against the advice of counsel. After these statements, Mr. Reynaud filed the motion for a sanity commission. It was defendant who initiated the plea bargain proceedings. Mr. Reynaud admitted that while he did not actually review the bill of information with defendant, on numerous occasions he discussed with defendant that he was charged with the armed robbery of Mary Lou Cambre. Defendant's counsel was aware of the facts surrounding the armed robbery, and he also made defendant aware of the facts. Furthermore, he and defendant discussed the plea bargain in detail. Mr. Reynaud explained to defendant the consequences of accepting the plea bargain and also what could possibly happen if he did not accept it. Mr. Reynaud reviewed the waiver of rights form in detail with defendant and explained to defendant his rights.
We find that defendant failed to prove that his counsel was ineffective pursuant to the two-prong test of Strickland v. Washington, supra. Defendant did not show that counsel's performance was deficient or unreasonable under the circumstances. According to defense counsel, it was defendant who initiated the plea bargain proceedings in an effort to exonerate a co-defendant. In addition, the evidence clearly revealed that both defendant and his attorney were aware of the facts of the case and the elements of the offense. In fact, it appears that defendant made statements confessing to the armed robbery. We also note that the plea bargain, which resulted in a twenty-year sentence, was very beneficial to defendant, given the fact that defendant had numerous charges pending and the sentence he received was in the lower range of possible penalties.
Defendant also failed to prove that his counsel's performance prejudiced him or affected the outcome of the plea process. Defendant indicated that he was satisfied with all of counsel's performance except for counsel's failure to inform him that the bill of information was defective. Defendant admitted, however, that he probably would have still pled guilty if the bill was valid.
Accordingly, we find defendant's assignment of error to be without merit.
We have conducted an error patent review of the record in conformity with C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990) and have found the following error.
LSA-C.Cr.P. art. 880 mandates that the trial court is to give defendant credit for time served in imposing sentence. While the judgment and the guilty plea in this case reflect that defendant was given credit for time served, the transcript and the commitment fail to show that credit for time served was given.
Accordingly, we order that the defendant's sentence be amended to give the defendant credit for time served.
*1159 We have also reviewed the Boykin colloquy, pursuant to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct 1709, 23 L.Ed.2d 274 (1969) and find that the defendant freely and voluntarily entered his plea of guilty. The defendant was informed of his right to trial by jury, his privilege against self-incrimination, and his right to confront the witnesses against him. In addition, the trial judge carefully explained to defendant the elements of the offense and the possible penalties defendant could receive.
For the above-discussed reasons, the ruling of the trial court denying defendant's application for post-conviction relief is affirmed. The defendant's sentence is amended to reflect credit for time served.
AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[1] There is no right of appeal from a judgment denying an application for post-conviction relief. The proper procedure for such a claim is by application for supervisory writ. LSA-C. Cr.P. art. 930.6. Accordingly, defendant's appeal is treated as an application for writ of review. State v. Banks, 444 So.2d 1243 (La. 1984).
[2] The finding that the bill of information is defective does not invalidate defendant's conviction.

In State v. Cross, 461 So.2d 1246 (La.App. 1 Cir.1984), the indictment charged that defendant "while armed with a dangerous weapon, robbed Minute Man Grocery Store." Defendant, on appeal, argued that the indictment was defective because it failed to name a person as the victim of the armed robbery. In finding defendant's argument without merit, the court stated as follows:
In State v. James, 305 So.2d 514, 516 (La. 1974), the Supreme Court stated:
[W]here in fact an accused has been fairly informed of the charge against him by the indictment and has not been prejudiced by surprise or lack of notice, the technical sufficiency of the indictment may not be questioned after conviction where, as here, no objection was raised to it prior to the verdict and where, without unfairness, the accused may be protected against further prosecution for any offense or offenses charged by it through examination of the pleadings and the evidence in the instant prosecution.
In State v. Gainey, 376 So.2d 1240 (La. 1979) and State v. Pichler, 355 So.2d 1302 (La.1978), the court applied the rationale of State v. James, supra, to cases in which a defendant raises a defect in the indictment prior to conviction. The court noted that any obscurity as to an offense charged could have been removed by a motion for a bill of particulars.
In the instant case, defendant has shown no prejudice as a result of the technical insufficiency of the indictment. We find no merit in this assignment of error.