636 So.2d 1084 (1994)
STATE of Louisiana
v.
Stuart ANDRY.
No. 93-KA-1037.
Court of Appeal of Louisiana, Fifth Circuit.
April 26, 1994.
*1085 John M. Crum, Jr., Carol Runnels Welch, Rodney A. Brignac, Dist. Attorney's Office, LaPlace, for plaintiff/appellee, State of La.
Stephen R. Rue, Elizabeth Rue Bridgeman, Kenner, for defendant/appellant, Stuart Andry.
Before BOWES, WICKER and CANNELLA, JJ.
BOWES, Judge.
Defendant, Stuart Andry, appeals the refusal of the trial court to "repeal" his conviction and grant him a new trial. Defendant was originally charged in this case with second degree murder under LSA-R.S. 14:30.1, but thereafter reached a plea agreement with the state to plead guilty to attempted second degree murder (LSA-R.S. 14:27 and 14:30.1) in return for a 40 year sentence. The trial court accepted defendant's guilty plea and sentenced him on March 4, 1993.

FACTS
For purposes of this review, it is unnecessary to examine the underlying facts of the crime itself in detail. It is sufficient to note that on the night of the murder, the defendant and (severed) co-defendant (a juvenile) each consumed a great deal of alcohol; the co-defendant stated to Andry (according to defendant): "I want to shoot a nigger." He then asked the defendant to drive to his house in order to retrieve a weapon. The defendant complied and the co-defendant subsequently returned to the truck with a rifle.
The defendant stated that he continued to drive in the LaPlace area. As he proceeded through the parking lot which separates Keating's Store and Keating's Lounge, he heard at least two gunshots followed by what sounded like the scream of a human being. The shots, according to the defendant, came from the co-defendant's weapon. Following his arrest, a St. John Parish Grand Jury indicted the defendant for second degree murder. At his arraignment, the defendant pled not guilty. Thereafter, on March 4, 1993, the state and the defendant reached a plea agreement and the state amended the indictment to charge the defendant with attempted second degree murder. On that same date, the defendant was rearraigned and tendered a plea of guilty to the charge of attempted second degree murder. Following a Boykin colloquy and defendant's execution of a written waiver of rights form, the trial court accepted the defendant's guilty plea. The defendant then waived all delays for sentencing and the court sentenced the defendant to forty years at hard labor without benefit of parole or suspension of sentence, but with credit for time served.
On May 4, 1993, defendant filed a pro se motion to withdraw his guilty plea, alleging that it was not voluntarily tendered. Thereafter, defendant retained counsel who also filed a motion for new trial on defendant's behalf. That motion requested a new trial and a "repeal" of relator's conviction based on the contention that relator "did not understand the terms and consequences" of his guilty plea and that his plea was based on statements from his defense counsel that he could not win his case. We thus understand the pleadings to include a charge of ineffective assistance of counsel. The trial court heard and denied both motions on September 13, 1993.

JURISDICTIONAL ANALYSIS
A defendant's challenge to a guilty plea based on alleged misunderstanding or involuntariness is properly asserted in an application for post conviction relief under LSA-C.Cr.P. art. 924, et seq. See State v. Anderson, 536 So.2d 456 (La.App. 1 Cir. 1988). Additionally, claims of ineffective assistance of counsel "are more properly raised by an application for post-conviction relief." *1086 State v. Lockett, 542 So.2d 670 (La.App. 5 Cir.1989); State v. Donaghey, 618 So.2d 434 (La.App. 5 Cir.1993).
Although designated in the district court as a motion to withdraw the plea and a motion for a new trial, the motions before us are properly subjects for an application for post-conviction relief.
There is no right of appeal from a judgment denying post-conviction relief; the proper procedure for this claim is by application for supervisory writ. State v. Darville, 573 So.2d 1155 (La.App. 5 Cir.1991). Accordingly, this appeal is treated as an application for a writ of review. Darville, supra.

ANALYSIS
Our threshold determination upon examination of this case is that the sentence of 40 years at hard labor without benefit of parole, probation or suspension of sentence is illegally harsh. In his pro se motion to withdraw his guilty plea, defendant, among other grounds, asserts this as error and grounds for relief.
As prescribed by LSA-R.S. 14:27(D)(1), the penalty for attempted second degree murder is punishment at hard labor for not more than 50 years.
Because the statute does not prescribe ineligibility for parole, probation or suspension or sentence, the trial court could not lawfully so qualify defendant's sentence. See State v. Welch, 368 So.2d 965 (La.1979). State v. Diggs, 423 So.2d 643 (La.1982).
Our Supreme Court in State v. See, 467 So.2d 525 (La.1985), stated with regard to the same sentence on the same offense:
Relator's sentence for attempted second degree murder is illegal in that the court required the sentence to be served `without benefit of parole, probation, or suspension of sentence.' See R.S. 14:27(D)(1); State v. Diggs, 423 So.2d 643 (La.1982). Because the trial court sentenced defendant to 40 years under the mistaken impression that the sentence had to be served without benefit of parole, it is appropriate to set aside the sentence and remand the case to the trial court for resentencing.
Defendant in State v. See had received his sentence pursuant to a plea bargain.
Similarly, we find it appropriate to set aside the illegal sentence in the present case. However, the matter before is in the posture of an action for post-conviction relief. Because it was not so characterized by the defendant's motions, the trial court did not order an evidentiary hearing as mandated by LSA-C.Cr.P. art. 930, nor was the state ordered or permitted to file an answer on the merits in accordance with LSA-C.Cr.P. art. 928.
Our examination of the record raises the question of whether the plea bargain, as agreed to by the state, was predicated on the condition that defendant would be given the sentence of forty years without benefits. The illegality of such a sentence calls into question the viability of the plea itself. It appears to this Court, under the circumstances of this case, that it is in the interest of justice to determine, via an evidentiary hearing for post-conviction relief, under LSA-C.Cr.P. art. 924, et seq., the validity of the plea, as well as all other issues reviewable in such proceedings.
Accordingly, the writ is granted. Defendant's sentence is set aside and the case is remanded to the district court for a post-conviction evidentiary hearing and for further proceedings in accordance with this opinion.
We pretermit determination of the other issues raised in this application until the proceedings are completed in the district court.
WRIT GRANTED IN PART; SENTENCE VACATED; REMANDED.