|, CHEHARDY, J.

STATEMENT OF THE CASE

On September 20, 1993, the Jefferson Parish District Attorney filed a bill of information charging defendant, David Crawford, with one count of theft of merchandise valued at $100.00 to $500.00 from *730 a K & B store. At his October 1, 1993 arraignment, defendant pled not guilty. On July 15, 1994, jury selection began. After the jury was selected, but prior to the commencement of the trial, defendant withdrew his former plea of not guilty and pled guilty. The trial court thereafter sentenced defendant to a term of imprisonment of two years at hard labor.
On July 29, 1994, the Jefferson Parish District Attorney filed a multiple offender bill of information, alleging defendant to be a fourth felony offender. Defendant denied the allegations contained therein, and a hearing was held on April 6, 1995. At the conclusion of the hearing, the trial court found defendant to be a fourth felony offender. On April 10,1995, the trial court vacated defendant’s prior sentence and sentenced defendant to imprisonment at hard labor for a term of twenty years. Defendant filed a motion for appeal on April 18, 1995, which was granted on April 19, 1995. However, defendant failed to pursue an appeal.
| ¡¡Defendant filed various pro se applications for post-conviction relief. During a January 28, 1999 hearing concerning one of defendant’s applications for post-conviction relief, the trial court granted defendant time to file this out-of-time appeal.

ANDERS REVIEW

In this case, appellate counsel has filed an Anders[1] brief. Pursuant to Anders and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, appellate counsel states that he has forwarded to defendant a copy of the brief which he filed with this Court and he has filed a motion to withdraw.[2] Appellate counsel has asserted that after reviewing the record, there are no non-frivolous issues to support an appeal.
Appellate counsel notes in brief that the record reveals that the proof of defendant’s Texas conviction submitted in the multiple offender hearing was sufficient. Appellate counsel further notes that the proof of defendant’s conviction in case number 358-619 in Orleans Parish was sufficient. Appellant counsel also notes that defendant’s claim that he was told that he would be triple-billed (as opposed to quadruple-billed) if he pled guilty is not supported by the record and is therefore more properly raised in an application for post-conviction relief. Finally, appellant counsel notes that the multiple offender bill of information was filed on July 29, 1994, defendant was arraigned and pled not guilty on October 21, 1994, and that the delay is not so extreme as to render the multiple offender proceedings untimely.
Defendant has filed a pro se brief detailing four assignments of error which track the four issues discussed by appellate counsel in his brief. While we find no Jjjmerit to defendant’s arguments, we will address defendant’s four pro se assignments of error herein.

DISCUSSION

In his pro se assignment of error numbers one and two, defendant argues that his prior conviction in Texas and his prior conviction in case number 358-619 in Orleans Parish were improperly used to enhance his sentence because the evidence presented in the multiple offender proceeding did not establish that he was advised of his rights prior to pleading guilty in those cases.
To prove that a defendant is an habitual offender, the state must establish by competent evidence the prior felony convictions and that the defendant is the same person who was convicted of the prior felonies. State v. Chaney, 423 So.2d 1092, 1103 (La.1982); State v. Bailey, 97-302 (La.App. 5 Cir.4/28/98), 713 So.2d 588, 610, writ denied, 98-1458 (La.10/30/98), 723 So.2d 971. The state may establish this by various means, such as the testimony of witnesses to prior crimes, expert *731 testimony matching fingerprints of the accused with those in the record of prior proceedings or photographs contained in a duly authenticated record. State v. Bailey, 713 So.2d at 610. The state must further show that the prior convictions fall within the 10 year cleansing period prescribed by La. R.S. 15:529.1(C). Id.
Where a prior conviction resulted from a guilty plea, the state must show that the defendant was advised of his constitutional rights and that he knowingly waived those rights prior to the guilty plea, as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). State v. Shelton, 621 So.2d 769, 779 (La.1993). If defendant denies the allegations in the bill of information, the state has the burden of proving the existence of the prior guilty pleas and that defendant was represented by counsel. Id. Once the state meets this burden, defendant must |4produce some affirmative evidence of an infringement of his rights or of a procedural irregularity. Id. If the defendant is able to do this, the state must then prove the constitutionality of the plea. Id.
In this case, the state submitted sufficient proof of the existence of the prior guilty pleas and that defendant was represented by counsel at the time they were taken. However, defendant failed to produce affirmative evidence of an infringement of his rights or a procedural irregularity. In fact, defendant failed to file a written response to the bill of information, setting forth with particularity his claim and the factual basis for it, as mandated by La. R.S. 15:529.1(D)(l)(b). In addition, defendant did not object to the absence of the Boykin transcripts. Defendant presents these challenges for the first time in his pro se brief.
In State v. Windham, 630 So.2d 688, 688 (La.1993), the Louisiana Supreme Court held that
[i]n the absence of a contemporaneous objection at the multiple offender hearing, the defendant otherwise may not complain for the first time on review that the records of his guilty pleas introduced by the state at the multiple offender hearing did not reflect compliance with this court’s Boykin rules.
In State v. Bell, 97-1134 (La.App. 5 Cir.2/25/98), 709 So.2d 921, 925-26, writ denied, 98-792 (La.9/16/98), 721 So.2d 477, the defendant complained that his habitual offender adjudication was invalid because the state had failed to produce Boykin transcripts of his prior guilty pleas. This Court declined to consider defendant’s argument because he had not stated his objections in a written response, nor had he offered an oral objection at the habitual offender hearing. See also State v. Cossee, 95-2218 (La.App. 4 Cir.7/24/96), 678 So.2d 72.
In this case, since defendant did not file a written response to the bill of information nor did he challenge the state’s proof of the guilty pleas or their compliance with Boykin at any time before his sentence was imposed, defendant 15cannot raise these issues on appeal to attack his sentence as a fourth felony offender.
In his third pro se assignment of error, defendant argues that the trial court erred in finding him to be a fourth felony offender because he was told at the time he pled guilty that the state would only allege that he was a third felony offender. There is no evidence in the record that defendant entered into any type of a plea bargain arraignment. Thus, defendant’s challenge to a guilty plea based on an alleged misunderstanding or involuntariness is properly asserted in an application for post conviction relief under La.C.Cr.P. art. 924, et seq. State v. Andry, 93-1037 (La.App. 5 Cir.4/26/94), 636 So.2d 1084, 1085. Accordingly, this issue is not properly before us on appeal.
In defendant’s fourth pro se assignment of error, defendant contends that the trial court erred by sentencing him to an enhanced sentence as a multiple offender *732 after he had been granted a release and placed on parole before the re-sentencing.
In this case, the state filed the multiple offender bill of information two weeks after. defendant’s guilty plea and sentencing. Defendant denied the allegations in open court on October 21, 1994. Defendant was granted a “good time” release and placed on parole on March 3, 1995.
Defendant, though released on parole, was not yet discharged from custody. “[T]he expiration of a sentence is the date that the defendant is discharged from supervision; that is the discharge date under the sentence imposed.” State v. Sherry, 482 So.2d 78, 80 (La.App. 4 Cir.1986) writ denied, 487 So.2d 436 (La.1986).
In the present case, defendant’s date of discharge from supervision was July 15, 1996. Since defendant was not discharged under his original sentence before he was re-sentenced, this assignment of error is without merit.[3]

\ «ERROR PATENT DISCUSSION

Pursuant to La.C.Cr.P. art. 920, the record was reviewed for errors patent. The record reflects that at sentencing, the trial judge failed to advise defendant of the prescriptive period for post conviction relief as required by La.C.Cr.P. art. 930.8.
At the time of defendant’s sentencing, La.C.Cr.P. art. 930.8 provided for a three-year prescriptive period. However, the article has been recently amended by Acts 1999, No. 1262, effective August 15, 1999, to provide for a two year prescriptive period, subject to certain exceptions.
Regarding the former article, in State ex. rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189, the Louisiana Supreme Court considered, inter alia, whether the newly enacted prescriptive article had prospective application, to defendants whose convictions and sentences became final after the effective date of the article. The Court held that the prescriptive period was not an ex post facto law in violation of the United States and Louisiana Constitutions.
Accordingly, the trial court is hereby instructed to send written notice setting out the two year prescriptive period to defendant within ten days of the rendering of this Court’s opinion, then filing written proof in the record that defendant received such notice. See State v. Kershaw, 94-141 (La.App. 5 Cir.9/14/94), 643 So.2d 1289.
CONVICTION AND SENTENCE AFFIRMED; REMANDED.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. Appellate counsel’s motion to withdraw has been granted by this Court.

. In a pro se “supplemental brief” filed by defendant, defendant also argues that he "was denied effective assistance of counsel, when counsel failed to file a notice of appeal.” However, we note in the record that on April 18, 1995, eight days after defendant’s sentence, defendant’s trial counsel filed a motion for appeal with the trial court, which was granted the following day.