645 So.2d 766 (1994)
STATE of Louisiana
v.
Rodney WALKER.
No. 94-KA-340.
Court of Appeal of Louisiana, Fifth Circuit.
October 25, 1994.
*767 Bruce G. Whittaker, Gretna, for defendant/appellant.
John M. Mamoulides, Dist. Atty., Terry M. Boudreaux, Asst. Dist. Atty., Gretna, for plaintiff/appellee.
Before WICKER and CANNELLA, JJ., and JOHN C. BOUTALL, J. Pro Tem.
JWICKER, Judge.
This appeal arises from the district court's denial of an application for post-conviction relief regarding two cases that were handled together in the district court for purposes of plea bargain proceedings. In No. 94-KA-340 (24th Judicial District Court No. 93-78), defendant Rodney Walker was charged by bill of information with violation of La.R.S. 14:64, armed robbery. In No. 94-KA-341 (24th Judicial District Court No. 93-77), Walker was charged by bill of information with violation of LSA-R.S. 40:967(F)(1)(a), possession of cocaine over 28 grams and less than 200 grams.
Walker originally entered pleas of not guilty to both charges, but on July 14, 1993 he withdrew the not guilty pleas and entered new pleas pursuant to a plea agreement. He pleaded guilty to the cocaine possession charge and entered a plea of nolo contendere to the armed robbery charge. The defendant was sentenced on that same day to six years at hard labor on each charge, with one year suspended as to each and the defendant to serve five years, with credit for time served, provided that defendant reported to the Jefferson Parish Correctional Center at 11:00 a.m. on July 30, 1993 to begin serving his sentence. If he failed to appear as required, the one-year suspension would be revoked and he would serve six years. The trial court also verbally agreed to recommend the defendant for the intensive incarceration and intensive parole supervision (IMPACT) program governed by La.R.S. 15:574.4 and 15:574.5, although that recommendation was not included in the typed sentencing forms. (The intensive incarceration and intensive parole supervision program is often referred to as "boot camp." Under its provisions, after intensive incarceration *768 for a period of not less than 90 days nor more than 180 days, the offender may be considered for parole under intensive supervision. This gives offenders the opportunity for earlier parole consideration than would otherwise be available.)
The defendant claimed that when he entered the pleas of guilty and nolo contendere, he did not understand that the armed robbery conviction made him ineligible, by law, for both the IMPACT program and for any suspension of sentence. After a hearing on October 22, 1993, the defendant's motion was denied. Pursuant to the district attorney's oral motion to correct illegally lenient sentence, however, the court vacated the armed robbery sentence and resentenced the defendant to five years at hard labor without benefit of parole, probation or suspension of sentence. The court amended the sentence on the cocaine possession charge by removing the conditions concerning the defendant's reporting to serve the sentences. The sentences were still to be served concurrently, with credit for time served, and the defendant was still recommended for the IMPACT program in both sentences.
The defendant filed a pro se motion for appeal on November 24, 1993. However, because there is no right of appeal from a judgment denying post-conviction relief, we shall treat this case as an application for writ of review. See La.Code Crim.P. art. 930.6(A); State v. Banks, 444 So.2d 1243 (La.1984); State v. Andry, 636 So.2d 1084, 1086 (La.App. 5th Cir.1994); State v. Darville, 573 So.2d 1155, 1156 n. 1 (La.App. 5th Cir.1991), writ denied, 578 So.2d 132 (La. 1991). (We note, further, that even if the defendant had had a right to appeal in this case, he filed his motion after expiration of the legal delays for appeal set forth in La. Code Crim.P. art. 914.)

FACTS
Because these cases involve guilty pleas, the underlying facts of the crimes are found for the most part in police documents contained in the record. On November 5, 1992, Rodney Walker and two other men entered the Lock, Stock and Barrel Gun Shop on Airline Highway in Metairie, Louisiana. One of the assailants pointed a .38 caliber revolver at Glenn Ermatinger, the shop's owner. A second subject pointed an unknown type of handgun at Garrett Melliff, a customer in the shop. The third subject handcuffed Ermatinger's hands behind his back.
Melliff was forced to the rear of the business, where his hands were bound behind his back with duct tape and his mouth was taped shut. The subjects demanded that Ermatinger surrender the keys to the shop's gun cases, cash registers and entrances. They punched and kicked Ermatinger several times and bound his mouth with duct tape. The subjects then removed six weapons from display cases, including semi-automatic pistols and rifles. When the subjects heard another customer enter the store's front door, they made their escape through the rear door, taking the merchandise with them.
Gary Ermatinger, the victim's brother (and a member of the Louisiana National Guard assigned to the Gretna Police Department) used the victim's description of the assailants to compile a photographic lineup. On November 21, 1992, Glenn Ermatinger identified the defendant from the photographic lineup. Based on the victim's positive identification, Detective J.M. Dauth of the Jefferson Parish Sheriff's Office obtained a search warrant for defendant's house in Marrero.
Detective Dauth and several other officers executed the warrant on November 25, 1992. While searching the residence for evidence related to the armed robbery, the officers found plastic bags containing crack cocaine, as well as large amounts of currency and jewelry. The defendant was placed under arrest. After being apprised of his rights, the defendant gave a voluntary statement to Agent Charles Delaughter of the Sheriff's Office's Narcotics Division. The defendant admitted that the crack cocaine was his, and that the currency seized was the proceeds of cocaine sales.

ASSIGNMENT OF ERROR NUMBER ONE
In his first assignment, the defendant asserts the trial court erred in denying his *769 motion to withdraw his pleas of guilty and nolo contendere. The defendant contends he should be allowed to withdraw his pleas of guilty and nolo contendere because they were based on a plea bargain that was not fulfilled.
A court may, on its own discretion, permit a plea of guilty to be withdrawn at any time prior to sentencing. La.Code Crim.P. art. 559(A). Once a defendant has been sentenced, however, only guilty pleas which are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. Dixon, 449 So.2d 463, 464 (1984); State v. Smith, 406 So.2d 1314, 1315 (La. 1981); State v. Alfonso, 496 So.2d 1218, 1220 (La.App. 5th Cir.1986), writ denied, 501 So.2d 206 (La.1987); State v. Kafieh, 590 So.2d 100, 104 (La.App. 5th Cir.1991), writ denied, 625 So.2d 1053 (La.1993). Similarly, denial of withdrawal of a guilty plea will generally not be reversed on appeal when the record clearly shows that the defendant was informed of his rights and the consequences of his plea and that the plea was entered voluntarily. State v. Cook, 591 So.2d 1248, 1251 (La.App. 5th Cir.1991).
A guilty plea is considered constitutionally infirm when a defendant is induced to enter the plea by a plea agreement, either express or implied, which the State does not then fulfill. State v. Hayes, 423 So.2d 1111, 1112 (La.1982). If such is the case, either the bargain must be enforced or the defendant must be allowed to withdraw the guilty plea. State ex rel Miller v. Whitley, 615 So.2d 1335, 1336 (La.1993); State v. Kafieh, supra.
Before the defendant here entered his pleas of guilty and nolo contendere, the court agreed to recommend the defendant for the IMPACT Program and to suspend one year of each six-year sentence. These terms were then made a part of the defendant's sentence. A portion of the defendant's plea bargain was barred by law, and therefore could not be enforced. Under La. R.S. 14:64(B), an armed robbery sentence may not be suspended and must be imposed without parole eligibility. Further, La.R.S. 15:574.4(B) provides that "[n]o person shall be eligible for parole consideration who has been convicted of armed robbery and denied parole eligibility under the provisions of R.S. 14:64." Thus, the intensive incarceration and intensive parole supervision program could not be applied to the defendant because his plea convicted him of armed robbery under La.R.S. 14:64.
When the judge subsequently resentenced the defendant, he removed the stipulation that one year of the armed robbery sentence be suspended. The judge did not remove the stipulation that the defendant be recommended for IMPACT, although the judge knew by then that the defendant was legally prohibited from participating in the program.
The defendant argues that his pleas of guilty and nolo contendere were not made freely and knowingly, because they were based on the belief that the terms of the plea bargain would be fulfilled.
It is evident the court was remiss in allowing a plea bargain whose terms were barred by law. The question is whether the court's error was of constitutional magnitude. The following exchange from the trial court's Boykin colloquy demonstrates that both the court and the defendant were aware from the outset that a suspended sentence for armed robbery is illegal.
THE COURT: Alright. In matter 93-0078, you are pleading no[lo] contendere to the crime of armed robbery in violation of R.S. 14:64 which occurred on the 5th day of November, 1992. The maximum sentence which I can impose on that charge is 99 years at hard labor without benefit of parole, probation or suspension of sentence. Do you understand that?
MR. WALKER: Yes, sir.
The defendant was further alerted to this provision in the waiver of rights form he and his attorney completed, which included the following information: "There is no probation, parole or suspension of sentence for the crime of Armed Robbery or Attempted Armed Robbery. Do you understand that?" When the court asked the defendant whether he had read and signed these forms, he responded "Yes, sir."
*770 It is also noteworthy that the defendant's new sentence of five years for the armed robbery is the minimum sentence allowed by law and is lighter than the original sentence with respect to the number of years. (The original sentence, on the other hand, was illegally lenient because it did not prohibit parole, probation or suspension of sentence.) The defendant contends in his brief to this court that it was the hope of admission to the IMPACT Program that ultimately induced him to enter pleas of guilty and nolo contendere. It is clear from both the plea form and the sentencing transcript that the defendant was to be "recommended" for the IMPACT or boot camp program.[1] Admittance to this program is limited and is discretionary on the part of the Department of Corrections. Although the defendant was not assured of a place in IMPACT, the plea bargain gave him at least the hope of admittance.
There is nothing in the record to indicate that the defendant was made aware prior to entering his pleas that he was legally ineligible for the program. Although the trial court may be able to comply technically with the terms of the plea bargain by recommending the defendant to the IMPACT Program, the defendant's actual admission to the program is a legal impossibility. We conclude that the defendant's pleas of guilty and nolo contendere are constitutionally infirm and, therefore, must be vacated.
Given our conclusion, it is unnecessary to address the defendant's second assignment of error, which was any and all errors patent.
Because the pleas come before us as two separate cases, we shall render a separate opinion and decree in No. 94-KA-341.

DECREE
For the foregoing reasons, the defendant's plea of nolo contendere to the charge of armed robbery under La.R.S. 14:64 is vacated and his sentence is set aside. The case is remanded to the district court for further proceedings in accord with the law.
PLEA VACATED, SENTENCE SET ASIDE, AND CASE REMANDED.
NOTES
[1] LSA-R.S. 15:574.4(A)(2)(a)(ii) & (iii) require that both the trial judge and the division of probation and parole submit recommendations before a defendant is enrolled in IMPACT.