RREMY CHIASSON, Judge Pro Tem.
The defendant, Regmond Ridgley, was charged by bill of information with possession of cocaine in excess of 28 grams but less than 200 grams, a violation of La. R.S. 40:967(F). The defendant initially entered a plea of not guilty but subsequently pled guilty to the offense of possession with the intent to distribute cocaine, a violation of La. R.S. 40:967(A). After a Boykin examination, the trial court accepted the defendant’s guilty plea. Prior to sentencing, defendant made a motion to withdraw his guilty plea, which was denied by the court. He was then sentenced to 15 years at hard labor with credit for time served. The defendant has appealed, urging two assignments of error.
Because the defendant pled guilty, the facts of the offense were not fully developed. According to the presentence investigation report (PSI) and the transcript of the preliminary examination, a confidential informant (Cl) informed an East Baton Rouge Parish sheriff’s deputy that there was drug activity at the defendant’s home. After an investigation of the situation, a supervised Cl made a controlled buy of cocaine at the defendant’s home. The Cl wore a transmitting device and was under police surveillance. The Cl informed the officers that the defendant was present at the house. After the controlled drug buy, a search warrant was obtained to search the defendant’s home. Initially, during the August 18, 1994 search of the house, the occupants of the house were not present, but Jennifer Augustus, the defendant’s girlfriend and the mother of his two children, showed up at the house. Ms. Augustus told the officer that the defendant lived at the house and she was aware of drugs being sold from the house. Subsequently, 114 grams of crack cocaine were discovered in a tennis shoe in a bedroom of the house. A scale and baggies were also found. A receipt with the defendant’s name on it was found in the bedroom. The officers located and arrested the defendant a few months after the search of his home.

ASSIGNMENT OF ERROR NUMBER ONE:

In his first assignment of error, the defendant contends that the trial court erred in failing to allow the defendant to withdraw his guilty plea. In his brief to this court, the defendant argues that he was induced to plead guilty based on the representation made to him by counsel that he would be sentenced to the IMPACT program.
Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969), requires that a trial court ascertain, before accepting a guilty plea, that the defendant has voluntarily and knowingly waived his right against self-incrimination, his right to a jury trial, and his right to confrontation. A guilty plea is a conviction and, therefore, should be afforded a great measure of finality. State v. Thornton, 521 So.2d 598, 600 (La.App. 1st Cir.), writ denied, 530 So.2d 85 (La.1988).
A trial court may permit the withdrawal of a guilty plea at any time before sentencing. La.Code Grim. P. art. 559(A). Under this article the defendant has no absolute right to withdraw a previously entered plea of guilty. The court’s decision is discretionary, subject to reversal only if that discretion is abused or arbitrarily exercised. State v. Carmouche, 589 So.2d 53, 55 (La.App. 1st Cir.1991). A defendant may not withdraw a guilty plea simply because the sentence to be imposed is heavier than anticipated. It is not unreasonable for a trial court to deny a defendant the luxury of gambling on his sentence, then withdrawing his plea if and when he discovers, before imposition, the sentence is not to his liking. State v. Waguespack, 589 So.2d 1079, 1082 (La.App. 1st Cir.1991), writ denied, 596 So.2d 209 (La.1992). A guilty plea will not be set aside upon a defendant’s unfulfilled expectation of gaining release as early as possible. However, if a guilty plea was induced by a plea bargain, or by what a defendant justifi *795 ably believes was a plea bargain, and he pled guilty in part because of that justifiable belief, the bargain must be enforced or the defendant be allowed to withdraw from the plea. State ex rel. Miller v. Whitley, 615 So.2d 1335, 1336 (La.1993).
At the beginning of the Boykin hearing before the testimony of the defendant, the trial court stated, “He’s looking at five to thirty and a $50,000 fine with a five-year minimum?” and defense counsel responded, “Yes, sir.” The court then asked the defendant if he understood the possible sentence and the defendant indicated that he understood. The court asked the defendant if anyone used force, threats, promises, or inducements in order to obtain his guilty plea and the defendant responded, “No, sir.” During the hearing, after the court accepted the defendant’s guilty plea, defense counsel asked the court for a post-conviction bond; however, the court responded:
4Well, with this much cocaine it’s impossible for me to bond him out. He is looking at some jail time. What he does with his time will determine how much. How many rocks was this?
MR. MILLER [the prosecutor]: 114 grams.
THE COURT: 114 grams. I might as well just start renting office space and put out a shingle if I put him out on the street.
MR. MANASSEH [defense counsel]: Your honor, we did — I did explain to him that the court was considering the boot camp and that we were going to be talking with the other individuals involved and see whether we can get that worked out. We just thought that if the court would allow him to get out, show that he was being productive, that that would be another incentive to get him in boot camp.
THE COURT: Actually there’s no chance of getting probation on this, so—
WOMAN IN THE AUDIENCE: There’s no chance of even getting a property bond or trying to get him out?
THE COURT: There’s absolutely no chance of him getting probation with 100 and something rocks.
[[Image here]]
MR. RIDGLEY [the defendant]: Judge Downing, I would appreciate it' if you would think about the boot camp because I have two young children that I’m trying to take care of.
THE COURT: The way you were trying to take care of them is the problem.
At the hearing on the motion to withdraw the guilty plea, defense counsel argued that at the conclusion of the Boykin hearing, the court indicated that the defendant might be someone that needed to “start looking at getting ready for boot camp.” Defense counsel stated that he discussed the defendant’s sentence with the prosecutor who indicated that he would leave the sentencing up to the judge but that he would not have an objection to boot camp. Defense counsel claimed that he had discussions with the court and his impression from those discussions was that the defendant would be sent to boot camp. Defense counsel admitted that he may have misunderstood what the court told him but that it was his impression that the defendant was entitled to boot camp and that was what he would receive. Based on those discussions, defense counsel told the defendant that he would also try to have him placed on probation since he would be probation eligible under the plea agreement. This information led the defendant to plead guilty. Defense counsel further claimed that the probation officer that compiled the PSI originally recommended probation Rfor the defendant but “because of something that went on” the PSI was changed to recommend jail time. According to defense counsel, when he then discovered a pending charge in Lafayette against the defendant, he asked the court for a continuance in order to take care of that situation. Consequently, when the matter in Lafayette was dismissed, he thought the defendant was eligible for probation and boot camp. Defense counsel claimed that he subsequently learned that there may have been a miscommunication and that he misinformed the defendant about his sentence. Therefore, the defendant wanted to withdraw his guilty plea because it was not knowingly and intelligently made as it was based on misinformation.-
*796 The court stated that it was sorry if there was a misunderstanding but it felt that it was in the defendant’s best interest to plead to something less than possession of 28 to 200 grams of cocaine that had a mandatory minimum sentence of five years without benefit of parole, probation, or suspension of sentence. The court then denied the motion.
Our review of the instant record indicates that there is no legal basis for the withdrawal of the guilty plea. The court conducted a thorough Boykin hearing wherein the defendant was informed of his sentencing exposure and he indicated that he understood his exposure. When the court asked if he made the plea based on promises or inducements, the defendant responded in the negative. The transcript does not reveal that the defendant was promised a particular sentence in exchange for his guilty plea. During the Boy-kin hearing, the court clearly stated that the defendant was not going to be placed on probation and that the defendant was “looking at some jail time.” The record does not contain documentation of any type of sentencing agreement. The defendant was fully informed of the potential sentence he faced. Additionally, the defendant was not prejudiced by the plea agreement; rather, he benefited from the agreement as, for a conviction under La. R.S. 40:967(F)(l)(a), the defendant faced a minimum sentence of five years without probation, parole, or suspension of sentence, and was exposed to a possible fine of up to $150,000. See La. R.S. 40:967(F)(l)(a) & (G). Accordingly, we are unable to find a breach of a plea agreement or abuse of discretion by the trial court in denying the motion to withdraw the guilty plea.
Even assuming that a misunderstanding occurred, the defendant is not entitled to the relief he seeks. A misunderstanding does not have the same implication that a breached plea |6bargain has, including the right to withdraw the plea. State v. Taylor, 479 So.2d 617, 619 (La.App. 1st Cir.1985). After reviewing the record, we are unable to find the defendant’s belief that he was going to be placed on probation or placed in the IMPACT program justifiable. This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER TWO:

In his second assignment of error, the defendant contends that his sentence was excessive. In his brief to this court, he argues that he was considered a first offender and under the circumstances of the instant case, the sentence was unduly harsh and grossly disproportionate to the severity of the crime.
We have thoroughly reviewed the record herein, as well as the applicable law and jurisprudence. The defendant’s sentence of fifteen years at hard labor was well within the statutory sentencing range of five years to thirty years at hard labor. See La. R.S. 40:967(B)(1). Additionally, the record reflects that the trial court adequately considered the sentencing criteria of La.Code Crim. P. art. 894.1, and the sentence imposed herein is not excessive. See La.Code Crim. P. art. 894.1; State v. Wardlow, 448 So.2d 257, 259 (La.App. 1st Cir.1984). During the sentencing hearing, the court indicated its concern regarding the defendant’s possession of such a large amount of cocaine. The court stated that this case consisted of a controlled buy with a Cl identifying the defendant to a narcotics agent. The court further indicated that it had reviewed the defendant’s PSI and that the defendant stated to the probation officer that he was unable to keep a job and dealt drugs when he was out of work. The court further noted that the defendant had a number of previous arrests which were for offenses that were increasingly violent. The court stated that it was “just a matter of time before he kills somebody.” Considering the above, we find no merit in the defendant’s assignment of error.
AFFIRMED.
FITZSIMMONS, J., concurs and assigns reasons.