|,JAMES L. CANNELLA, Judge.
Defendant, Vincent T. Stewart, appeals from his guilty plea convictions of two counts of possession of cocaine and his sentences, on count one to seven years imprisonment at hard labor as a habitual offender and on count two to five years imprisonment at hard labor, to run consec *269 utively. For the reasons which follow, we dismiss the appeal and remand the case to the district court for a hearing on the Defendant’s outstanding Motion to Withdraw Guilty Plea.
On June 10, 1999, the Jefferson Parish District Attorney filed a bill of information charging the Defendant with two counts of possession with the intent to distribute cocaine, which allegedly occurred on April 11 and 23, 1999, in violation of La. R.S. 40:967(A). Defendant was arraigned on June 25, 1999 and pled not guilty to both counts. On February 15, 2001, the State amended counts one and two to simple possession of cocaine, in violation of La. R.S. 40:967(C). On that same date, Defendant withdrew his pleas of not guilty and pled guilty to the amended charges. As part of the plea agreement, the Defendant was to be sentenced to five years imprisonment at hard labor on each count, to run concurrently, and the State waived its right to multiple bill the Defendant. The 1 ^Defendant requested that he be given a continuance on sentencing in order to get his affairs in order. The trial judge agreed to defer sentencing and informed the Defendant that the promised sentence was contingent upon him appearing for sentencing on March 19, 2001.
The trial judge addressed the Defendant as follows:
If for some — any reason you don’t show up on that day, then we’ll sentence you to a different — your sentence will be different; you understand that?
[[Image here]]
And that you could receive the maximum sentence and the State may, in fact, recharge you, charge you differently in this case; do you understand that?
[[Image here]]
I just want you to be aware because this is the plea that you’ve negotiated but it’s all hinged upon you showing up when you’re supposed to show up for your sentencing; do you understand that?
The Defendant answered affirmatively to the court’s questions.
The Defendant also initialed and signed a “waiver of constitutional rights and plea of guilty” form, indicating that he had agreed to a sentence of five years imprisonment at hard labor on each count to run concurrently and no multiple bill. On March 19, 2001, the Defendant failed to appear for sentencing. At the request of the State, the trial court ordered that an attachment be issued for the Defendant. On March 23, 2001, the State filed a multiple offender bill of information charging him as a second felony offender. On January 7, 2002, the Defendant appeared in court. The trial judge informed the Defendant that, since he did not appear for sentencing as required, he would not sentence him in accord with the original agreement. The trial court subsequently sentenced the Defendant to imprisonment at hard labor for five years on each count, with the sentences to run consecutively.
On that same date, the Defendant orally objected to the excessiveness of the sentences and denied the allegations of the multiple bill of information. On January 17, 2002, at the commencement of the hearing on the multiple bill, defense | ¿counsel objected to the State’s right to bring the multiple offender proceedings against the Defendant. She argued that, according to the plea agreement, the State had waived its right to bring the multiple offender proceedings. She wanted the plea agreement enforced. The trial court ruled against the Defendant, finding that the sentence after the plea was contingent on the Defendant being present for sen *270 tencing. The trial court found that since the Defendant did not keep his part of the bargain, neither the trial court nor the State were obligated to keep their part of the bargain.
Following this ruling by the trial court, the Defendant, reserving his right to raise this issue on appeal, admitted the allegations of the multiple bill of information and initialed and signed a waiver of rights— plea of guilty multiple offender — La. R.S. 15:529.1 form. The trial court then vacated the sentence on count one and sentenced the Defendant to imprisonment at hard labor for seven years, to run consecutively with the five-year sentence on count two. The trial court also ordered the sentences to run concurrently with any sentence defendant would have to serve for violating his parole. On January 24, 2002, the Defendant filed a motion for appeal. The Defendant filed a pro se motion to reconsider sentence on February 1, 2002. On March 1, 2002, defendant filed a motion to withdraw guilty plea.[1] The trial court denied the Defendant’s motion to reconsider sentence and granted his appeal on March 12, 2002. On April 8, 2002, the Defendant filed a pro se motion for the trial court to rule on his outstanding motions. There was no ruling on that motion.[2]
On appeal, the Defendant assigns two errors. In his first assignment of error, the Defendant argues that the trial court erred in not sentencing him according to the original plea agreement. In his second assignment of error, the Defendant Largues that the imposed sentence, totaling 12 years for two counts of simple possession of cocaine, is excessive.
In reviewing the record, we found that it does not reflect a ruling on the Defendant’s March 1, 2001 motion to withdraw his guilty plea. In that motion, the Defendant claims that his guilty pleas were entered upon a promise that was not kept by the trial court or the district attorney. Thus, he argues that, since the guilty pleas were entered based on either an unkept promise or misleading information, he should be allowed to withdraw his pleas or the agreement upon which they were entered should be enforced.
We find that a ruling on the Defendant’s assignments of error at this time would be pre-mature, since a request to withdraw the pleas is still pending before the district court. Further, we find that the record is inadequate for full review of the issue by this court.
La.C.Cr.P. art. 559 provides that “[t]he court may permit a plea of guilty to be withdrawn at any time before sentence.” Additionally, it has been held that a defendant’s plea of guilty can be withdrawn after sentencing, where it is found that it was not freely and voluntarily entered, for example, if based on an unkept plea bargain. State v. Walker, 94-340 (La.App. 5th Cir.10/25/94), 645 So.2d 766.
In State ex rel. Talbert v. State of Louisiana, 00-0596 (La.3/31/00), 758 So.2d 806, the Supreme Court considered the writ application of relator, who represented that the district court failed to act timely on a motion to withdraw guilty plea. The Supreme Court issued the following ruling:
If relator’s representation is correct, the district court is ordered to consider and act on the motion. If relator’s representation is incorrect, the district court is ordered to accept, file, and act upon the *271 pleading which is herewith transferred to the district court. The district court is ordered to provide this Court with a copy of its judgment.
|fiIn the instant case, the Defendant filed a motion to withdraw his guilty plea. The record does not indicate that there has been a ruling on that motion. On appeal, the Defendant raises issues involving the validity of the guilty plea. We cannot address these issues on the record before us. Rather, we find that the issue should be handled in an evidentiary hearing on the Defendant’s motion to withdraw guilty plea. At that hearing, the intent of all parties can be explored, a determination can be made as to whether the guilty pleas were entered based on a misunderstanding of the agreement, and a record can be made from which we can review the Defendant’s claims if necessary. We reserve to the Defendant, the right to appeal in the event of an adverse ruling and to re-assert the assignments of error raised herein.
Accordingly, for the foregoing reasons, we dismiss the appeal, deferring consideration of the Defendant’s assignments of error asserted herein, and remand the case to the trial court for a an evidentiary hearing and ruling on the outstanding motion to withdraw guilty plea, reserving to the Defendant the right to re-lodge his appeal.
DISMISSED AND REMANDED.

. The record does not reflect a ruling on the motion to withdraw guilty plea. See discussion below.

. The only outstanding motion appears to be the motion to withdraw guilty plea.