SUSAN M. CHEHARDY, Judge.
 

 On April 27, 2007, the Jefferson Parish District Attorney filed a bill of information in case number 07-2602, charging Kenneth Jones with second offense possession of marijuana, in violation of La. R.S. 40:966(A). On June 25, 2008, defendant agreed to plead guilty to second-offense possession of marijuana. In exchange for defendant’s plea, the State agreed to refrain from filing a bill of information alleging that defendant was a habitual offender. Further, and most important to this appeal, the parties agreed that the trial judge would recommend defendant for an intensive incarceration, or IMPACT, program, colloquially referred to as “boot camp.” After accepting defendant’s plea, the trial judge sentenced defendant to five years at hard labor on June 25, 2008.
 
 [1]
 

 On February 26, 2009, defendant filed a
 
 pro se
 
 Motion to Amend or Modify Sentence pursuant to La.C.Cr.P. art. 822.
 
 [2]
 
 On April 9, 2009, the trial judge
 
 *650
 
 denied defendant’s motion for two reasons: first, pursuant to La.C.Cr.P. art. 881, a “hard labor” sentence cannot be amended once the defendant has begun serving that sentence, and second, under La.C.Cr.P. art. 881.2(A)(2), a defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement set forth in the record at the time of the plea.
 

 Defendant thereafter sought review in this Court. On June 26, 2009, this Court, recognizing that defendant was seeking review of the judgment that imposed sentence,
 
 [3]
 
 granted defendant’s writ of review for the limited purpose of remanding the matter to the trial court for consideration as an application for an “out-of-time” appeal. Thereafter, defendant’s Motion for Appeal was granted and this appeal ensued.
 

 On appeal, defendant, in his sole assignment of error, alleges that “the trial court erred in failing to recognize that it has the ability to amend or modify Mr. Jones’ sentence due to his inability to participate in the IMPACT program.” Defendant argues that, according to La. R.S. 15:574.4.1(G)(1),
 
 [4]
 
 he should be resentenced.
 

 In response, the State, relying on La. C.Cr.P. art. 912(C)(1), contends that the “defendant is not entitled to invoke this Court’s appellate jurisdiction to attack the denial of a motion for amendment or modification of his sentence, which was filed over six months after his sentence was imposed.” The State further contends that defendant has not raised, briefed, or argued the voluntariness of his plea as an assigned error and, as such, the issue is abandoned.
 
 [5]
 

 Here, this defendant has convictions for possession of marijuana(second offense), possession with intent to distribute marijuana, and, importantly, possession of more than 28 but less than 199 grams of cocaine. La. R.S. 15:574.4.1(A) provides, in pertinent part:
 

 [A]ny person convicted of a first ... offense possession of ... cocaine ... or of a first offense for ... possession with intent to ... distribute ... cocaine ..., in violation of R.S. 40:967(B)(1) or R.S. 40:967(B)(4)(b) when the amount of ... cocaine ... was twenty-eight grams or less, may be eligible to participate in the intensive incarceration program.
 

 
 *651
 
 Therefore, because defendant has a conviction for possession of more than 28 grams of cocaine, the law precludes defendant from eligibility for the intensive incarceration program.
 

 As defendant correctly notes, Section G(l) of La. R.S. 15:574.4.1 provides,
 

 If an offender is denied entry into the intensive incarceration program for physical or mental health reasons or for failure to meet the department’s suitability criteria, the department shall notify the sentencing court, and based upon the court’s order, shall either return the offender to court for resentencing in accordance with the provisions of the Code of Criminal Procedure Article 881.1 or return the offender to a prison to serve the remainder of his sentence as provided by law. (Emphasis added).
 

 UUnder La. R.S. 15:574.4.1(0(1), the Department of Corrections is required to notify the sentencing judge of defendant’s ineligibility. After the Department notifies the sentencing judge, that judge orders the Department to (1) return the offender to court for resentencing in accordance with the provisions of the Code of Criminal Procedure Article 881.1
 
 [6]
 
 or (2) return the offender to a prison to serve the remainder of his sentence as provided by law.
 

 Our review of the record does not reflect that the Louisiana Department of Corrections notified the trial judge of defendant’s ineligibility for intensive incarceration. Accordingly, by this opinion, we are notifying the Department of Corrections of their obligation under the statute, and the trial judge of defendant’s ineligibility under the statute. Further, we remand this case for a ruling as required by law under La. R.S. 15:574.4.1(0(1).
 

 REMANDED.
 

 [1]
 

 . That same day, defendant also pled guilty, in docket number 08-1793, to two offenses charged in a separate bill of information: one count of possession with intent to distribute marijuana and one count of possession of cocaine in excess of 28 grams. On those counts, the trial judge sentenced defendant to six years at hard labor. Further, with respect to the possession of cocaine in excess of 28 grams, the trial judge imposed defendant’s sentence without benefit of probation or parole for five years. These convictions are not the subject of this appeal but are relevant to this appeal and addressed by this panel in a companion case.
 
 State
 
 v.
 
 Jones,
 
 09-888 (La. App. 5 Cir. 3/23/10), — So.3d —.
 

 [2]
 

 . La.C.Cr.P. art. 822 reads:
 

 A.(l) Should the court on its own motion or on motion of the defendant consider setting aside a guilty verdict or a plea of guilty or, after the sentence is imposed, consider amending or modifying the sentence imposed, the district attorney shall be notified and the motion shall be tried contradictorily with the district attorney unless the district attorney waives such contradictory hearing.
 

 
 *650
 
 (2) Such motions include but are not limited to motions for a new trial, motions in arrest of judgment, motions for amendment, modification, or reconsideration of sentence, and motions for modification of conditions of probation or termination of probation.
 

 [[Image here]]
 

 C. Each motion to set aside a guilty verdict or plea of guilty and each motion to amend or modify a sentence imposed shall be filed, considered, and decided in compliance with Code of Criminal Procedure Articles 881 and 881.1.
 

 [3]
 

 .
 
 See
 
 La.C.Cr.P. art. 912(C)(1); La.C.Cr.P. art. 924.1.
 

 [4]
 

 . In 2008, pursuant to the statutory revision authority of the Louisiana State Law Institute, La. R.S. 15:574.4.1 was redesignated from R.S. 15:574.4(A)(2) by Acts 2008, No. 266, § 2. The language of the statute was not amended in the change, only its numerical designation. For purposes of economy and to avoid confusion, we will refer to the current statute in our discussion even though we are aware "that the penalty provision in effect at the time of the offense is the applicable provision.”
 
 State v. Sugasti,
 
 01-3407 (La.6/21/02), 820 So.2d 518, 520-521.
 

 [5]
 

 .We do not conclude that defendant has moved to withdraw his guilty plea and, therefore, we will not discuss that issue. Furthermore, the statements in this opinion are not intended to limit defendant’s right to pursue post-conviction relief, including, but not limited to, moving to withdraw his guilty plea.
 

 [6]
 

 . La.C.Cr.P. art 881.1 provides, in pertinent part:
 

 A. (1) In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
 

 [[Image here]]
 

 B. The motion shall be oral at the time of sentence or shall be in writing thereafter and shall set forth the specific grounds on which the motion is based.
 

 C. If a motion is made or filed under Paragraph A of this Article, the trial court may resentence the defendant despite the pendency of an appeal or the commencement of execution of the sentence.
 

 [[Image here]]
 

 Based on our reading of La. R.S. 15:574.4.1 and La.C.Cr.P. art. 881.1
 
 in pari materiae,
 
 we read the requirement of R.S. 15:574.4.1(G) that, in the event of defendant’s ineligibility, the trial judge must order either resentencing or return to prison to serve the remainder of his sentence acts as an extension, under La. C.Cr.P. art. 881.1(A)(1), for the parties to file a motion to reconsider sentence.