WALTER J. ROTHSCHILD, Judge.
|?On April 30, 2008, the Jefferson Parish District Attorney filed a bill of information charging defendant, Richard J. Heath, with two counts of simple burglary of an inhabited dwelling in violation of LSA-R.S. 14:62.2. He was arraigned on May 1, 2008, and pled not guilty. On June 6, 2008, defendant withdrew his not guilty pleas and pled guilty as charged. The trial judge sentenced defendant to imprisonment at hard labor for six years on both counts, to run concurrently, with the first year of the sentence to be served without benefit of parole, probation, or suspension of sentence.
Also on June 6, 2008, the State filed a multiple bill alleging defendant to be a second felony offender. Defendant stipulated to the allegations. The trial judge vacated the original sentence on Count 1 and resentenced defendant under the multiple bill statute to imprisonment at hard labor for six years, to run concurrently with the sentence on Count 2, the first year without benefit of parole, probation, or |asuspension of sentence, and the entire sentence without benefit of probation or suspension of sentence. The trial judge also recommended the Intensive Incarceration, or Impact, program and Blue Walters Drug Treatment.
■ On August 14, 2008, the Department of Corrections sent the trial judge a letter advising her that defendant was rejected for participation in the Intensive Incarceration Program because of his “disciplinary problems and an assaultive arrest history.” Defendant filed a Motion to Amend Sentence on December 12, 2008, which was denied.
*86 On December 1, 2009, defendant filed an Application for Post-Conviction Relief (APCR) arguing that his guilty plea was not knowingly, intelligently, or voluntarily made because he believed that he would be allowed to participate in the Impact program in exchange for waiving his rights. On December 8, 2009, the trial judge denied the APCR, finding that defendant’s claim was procedurally defaulted under LSA-C.Cr.P. art. 930.4 C because it could have been, but was not, raised on appeal. The trial judge stated that if she were to reach the merits of the claim, she would find that defendant’s counseled plea of guilty was a voluntary act that passed constitutional muster. The trial judge noted that defendant did not present any evidence that the court promised admittance to the Impact program. Additionally, the trial judge found that defendant failed to carry his burden of proof that relief should be granted under LSA-C.Cr.P. art. 930.2.
On February 8, 2010, defendant filed a writ application with this Court, arguing that the trial court erred by denying his APCR. This Court granted the writ for the limited purpose of vacating and setting aside the denial of the APCR and remanding the matter to grant defendant the opportunity to reinstate his appeal rights. On April 12, 2010, defendant filed another APCR seeking an out-of-time appeal, which the trial judge granted.

J¿FACTS

Because defendant pled guilty, there are few facts contained in the record. However, the prosecutor gave a factual basis during the guilty plea colloquy. He said that if the State had gone to trial, it would have proven beyond a reasonable doubt that on March 30, 2008, in Jefferson Parish, defendant committed a burglary of an inhabited dwelling located at 4007 Catherine Avenue, which is a structure that was used as a place of abode for David Mendel-son. Additionally, the prosecutor said the State would have proven beyond a reasonable doubt that defendant violated LSA-R.S. 14:62.2 by committing a simple burglary of an inhabited dwelling located at 811 Dodge Avenue, the home of Deidra Dunbar, which was located in Jefferson Parish. The bill of information reflects that the crime involving Ms. Dunbar occurred on March 31, 2008. During the colloquy, defendant admitted that he committed those crimes.

LAW AND DISCUSSION

On appeal, in his first assignment of error, defendant claims that his guilty pleas are constitutionally infirm. Defendant argues that he should be permitted to withdraw his guilty pleas, because he was denied admission into the Impact and Blue Walters Programs, which he contends was a part of his plea agreement. He asserts that his guilty pleas were not made freely and knowingly because they were based on the belief that the terms of the plea bargain would be fulfilled.
The State responds that defendant’s guilty pleas were entered knowingly and voluntarily. The State notes that defendant was denied admission into the programs because of his own actions, namely, his disciplinary problems and assaultive arrest history. The State also notes that defendant was made aware prior to the guilty pleas that he might be ineligible for the programs.
Uf a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter, 05-697, p. 5 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664. Additionally, once a defendant is sentenced, only those guilty pleas that are *87 constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil, 05-658, p. 7 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boy-kin [1] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. McCoil, 05-658 at 7, 924 So.2d at 1124. Although defendant did not file a motion to withdraw his guilty plea in the district court, he is not prohibited from challenging a constitutionally infirm guilty plea either by means of appeal or post-conviction relief. Id.
Impact is an intensive program of parole supervision established by LSA-R.S. 15:574.4. State v. Zeringue, 08-697, p. 9 (La.App. 5 Cir. 11/25/08), 862 So.2d 186, 193 n. 3, writ denied, 03-3523 (La.4/23/04), 870 So.2d 298. LSA-R.S. 15:574.4.4 was redesignated from LSA-R.S. 15:574.4.1 by Acts 2010, No. 241, § 2, which had been redesignated from LSA-R.S. 15:574.4 A(2) by Acts 2008, No. 266, § 2. The language of the statute was not amended in the changes, only its numerical designation. At the time defendant committed the crimes in March of 2008, LSA-R.S. 15:574.4 A(2)(a) provided in pertinent part:
Notwithstanding the provisions of Paragraph A(l) of this Section, a person, otherwise eligible for parole, convicted of a nonviolent first felony offense and committed to the Department of Public Safety and Corrections, or of a nonviolent second felony offense and committed to the Department of Public Safety and | ^Corrections, may be eligible for intensive parole supervision upon successful completion of intensive incarceration.
In State v. Walker, 94-340 (La.App. 5 Cir. 10/25/94), 645 So.2d 766, defendant pled guilty to possession of cocaine and nolo contendere to armed robbery. The trial court sentenced defendant and then verbally agreed to recommend him for the intensive incarceration and intensive parole supervision (Impact) program. Defendant claimed that when he entered his pleas, he did not understand that the armed robbery conviction made him ineligible by law for the Impact program. On appeal, defendant asserted that the trial court erred in denying his motion to withdraw his pleas, and that he should be allowed to withdraw them because they were based on an unfulfilled plea bargain. Id., 94-340 at 1-4, 645 So.2d at 767-68.
This Court found that the trial court was remiss in allowing a plea bargain whose terms were barred by law. It said that defendant had contended in his brief that it was the hope of admission to the Impact program that induced him to enter his pleas. This Court stated that there was nothing in the record to indicate that defendant was made aware prior to entering his pleas that he was legally ineligible for the program. It asserted that although the trial court may have been able to comply technically with the terms of the plea bargain by recommending defendant to the Impact program, defendant’s admission into the program was a legal impossibility. This Court concluded that the defendant’s pleas were constitutionally infirm and, therefore, must be vacated. State v. Walker, 94-340 at 6-8, 645 So.2d at 769-70.
In State ex rel. Lee v. State, 04-1376 (La.6/17/05), 904 So.2d 695, the Louisiana Supreme Court found that though the guilty plea form and Boykin transcript revealed that all parties believed that relator could participate in the |7Impact pro *88 gram, because relator had committed a crime of violence, he could not. Accordingly, because the prospect of participation in the Impact program with accelerated release on sentence was a material inducement for relator’s plea, the supreme court vacated the guilty plea and remanded the case to the district court for further proceedings.
In State v. Ridgley, 96-680 (La.App. 1 Cir. 2/20/98), 708 So.2d 793, writ denied, 98-759 (La.7/2/98), 724 So.2d 206, defendant contended that the trial court erred in failing to allow him to withdraw his guilty plea to possession with intent to distribute cocaine. He argued that he was induced to plead guilty based on the representation made to him by counsel that he would be sentenced to the Impact program. The appellate court found there was no legal basis for the withdrawal of the guilty plea, noting that the trial court conducted a thorough Boykin hearing wherein defendant was informed of his sentencing exposure and indicated that he understood the exposure; defendant indicated that his plea was not based on promises or inducements; the trial court told defendant he was looking at some jail time; and defendant benefitted from the plea agreement. Id., 96-680 at 2-6, 708 So.2d at 794-96.
In the instant case, the waiver of rights form and the Boykin colloquy show that defendant was informed of his rights and the consequences of his plea, and that the plea was entered into voluntarily. Additionally, defendant was sentenced in conformity with the plea agreements, including the trial judge’s recommendation of the Impact program and Blue Walters Drug Treatment.
Unlike the defendants in Lee and Walker, defendant in the instant case was not convicted of a crime of violence, nor was the predicate offense listed in the bill of information a crime of violence. The record reflects that defendant pled guilty to two counts of simple burglary of an inhabited dwelling, and that the predicate 1 soffense listed in the multiple bill was simple burglary. Those offenses are not considered crimes of violence under LSA-R.S. 14:2. Additionally, in Lee, all parties believed relator could participate in the Impact program; however, in the instant case, the trial judge specifically told defendant that she could only recommend the Impact program and that the Department of Corrections could reject him. Also, defense counsel said at the hearing that he had told defendant he might not be eligible for the Boot Camp program because of a “crime of violence” and “a multiple bill situation.”
Moreover, in the instant case, as in Ridgley, defendant benefitted from the plea agreement. Defendant in the instant case received two concurrent six-year sentences on the underlying convictions; however, he could have been sentenced to the maximum twelve years on each count to run consecutively for a total of twenty-four years, since each offense occurred on a different date and involved a different victim. LSA-R.S. 14:62.2; LSA-C.Cr.P. art. 883. Additionally, as a second felony offender, defendant received the minimum six-year sentence; however, he could have been sentenced to the maximum twenty-four years imprisonment to run consecutively to the six-year sentence on Count 2 for a total of thirty years. LSA-R.S. 15:529.1.
Based on the record before us, we find that defendant’s guilty pleas are not constitutionally infirm and, therefore, he is not entitled to withdraw them. Accordingly, this assignment of error is without merit.
*89 In his second assignment of error, defendant argues that in the event this Court decides that he may not withdraw his guilty pleas, the matter should be remanded for the purpose of having the trial judge formally order the Department of Corrections to return him to court for resentencing in accordance with LSA-[C.Cr.P.9 art. 881.1, or return him to prison to serve the remainder of his sentence. The State agrees.
In March of 2008, when the defendant committed the crimes in the instant case, LSA-R.S. 15:574.4 A(2)(g)(i)[2] provided as follows:
If an offender is denied entry into the intensive incarceration program for physical or mental health reasons or for failure to meet the department’s suitability criteria, the department shall notify the sentencing court, and based upon the court’s order, shall either return the offender to court for resentencing in accordance with the provisions of the Code of Criminal Procedure Article 881.1 or return the offender to a prison to serve the remainder of his sentence as provided by law.
In State v. Jones, 09-894 (La.App. 5 Cir. 3/23/10), 39 So.3d 648, this Court stated that under LSA-R.S. 15:574.4.1 G(l),[3] the Department of Corrections was required to notify the sentencing judge of defendant’s ineligibility for the intensive incarceration programs. Because its review of the record did not reflect that the Department of Corrections notified the trial judge of defendant’s ineligibility for intensive incarceration, this Court, by way of its opinion, notified the Department of Corrections of their obligation under the statute, and the trial judge of defendant’s ineligibility under the statute. This Court also remanded the case for a ruling as required by law under LSA-R.S. 15:574.4.1 G(l). Id., 09-894 at 4-5, 39 So.3d at 651.
In the instant case, as stated previously, the record reflects that on August 14, 2008, the Department of Corrections sent the trial judge a letter advising her that defendant was rejected for participation in the Intensive Incarceration Program because of his “disciplinary problems and assaultive arrest history.” However, the record does not reflect that the trial court has taken any action in response to that notification. Therefore, we remand the case with instructions for the trial court to | inorder the Department of Corrections to either return defendant to court for resen-tencing in accordance with LSA-C.Cr.P. art. 881.1, or return defendant to prison to serve the remainder of his sentence as provided by law.
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir.1990). Our review did not reveal any errors requiring corrective action.

DECREE

For the foregoing reasons, we affirm. However, we remand the case with instructions for the trial court to order the Department of Corrections to either return defendant to court for resentencing in accordance with LSA-C.Cr.P. art. 881.1, or return defendant to prison to serve the remainder of his sentence as provided by law.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. LSA-R.S. 15:574.4 A(2)(g)(i) is presently codified in LSA-R.S. 15:574.4.4 G(1).

. At the pertinent times in Jones, LSA-R.S. 15:574.4 A(2)(g)(i) was designated as LSA-R.S. 15:574.4.1 G(l).