ROBERT M. MURPHY, Judge.
| gDefendant, Tirón Cobbs, appeals the denial of his motion to amend sentence to include participation in the Boot Camp/IMPACT program of the Department of Corrections (“DOC”). For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY

Defendant, Tirón Cobbs, was charged in a bill of information on May 26, 2009 by the Jefferson Parish District Attorney with one count of attempted armed robbery, a violation of La. R.S. 14:(27)64.[1] Defendant pled not guilty at his arraignment on May 27, 2009 and also pled not guilty at a second arraignment held on July 28, 2009. Following a preliminary hearing on November 9, 2009, the court found that the State had probable cause to maintain defendant in custody. La. C.Cr.P. art. 296. After filing several motions, defendant withdrew his previous plea, and on June 14, 2010, pled guilty as charged. Following a pre-sentence inves *260 tigation, defendant was sentenced on December 8, 2010, to 15 years at hard labor without the benefit of parole, probation or suspension of sentence. Defendant thereafter filed three pro se motions to amend or modify his sentence, |swhich were denied.[2] On June 22, 2011, the trial court granted defendant’s Subpoena Duces Te-cum For Production of Documents. On July 11, 2011, the court denied as repetitive defendant’s second request for documents, which was filed on July 1, 2011. Defendant filed a Motion and Order For Appeal on July 19, 2011, seeking review of the court’s judgment regarding his motion for production of documents. This Court converted defendant’s motion into an application for supervisory writs and provided defendant with a return date of August 29, 2011.
On November 14, 2011, defendant filed a “Method of Appeal/Post conviction relief Pursuant to L.S.A. Art. 914”, which the court denied.[3]
On January 4, 2012, defendant addressed a letter to the trial court in which he asked the court to recommend to DOC that he be placed in a “Boot Camp/Impact Program.” On January 26, 2012, the trial court responded to defendant’s letter. In pertinent part, the court indicated that defendant should direct his request to DOC. The court further explained to defendant that it had no jurisdiction to order defendant’s admission into the programs, because he was already in DOC custody. The court concluded, “Although the court does not have such authority to order [defendant’s] admission into the program, the court recommends to the Department of Corrections that defendant be located where such programs are available.”
Defendant sought writs to this Court following the trial court’s denial of his “Method of Appeal/Post conviction relief Pursuant to L.S.A. Art. 914.” In writ 12-KH-30, this Court granted defendant’s application and transferred it back to the trial court for consideration as a motion for an out-of-time appeal pursuant to State v. Counterman, 475 So.2d 336 (La.1985). On June 20, 2012, defendant filed a writ of mandamus with the trial court requesting that this Court’s Order of February 23, 2012, be enforced. The court granted defendant an out-of-time appeal on July 9, 2012, and this appeal follows.
Because the defendant pled guilty, the underlying facts of this case were not developed at trial. However, the bill of information indicates that on May 4, 2009, defendant attempted to rob Cynthia Carranza in Jefferson Parish while armed with a firearm.

LAW AND DISCUSSION

In his sole assignment of error, defendant contends that the trial court erred by stating in its Order of January 26, 2012, that it had no jurisdiction or authority over *261 how defendant’s sentence is served once he is in DOC custody. He claims that the court erred in failing to recognize that it had the ability to amend or modify his sentence to permit his participation in the IMPACT program, despite already having begun to serve his sentence.
Conversely, the State argues that defendant is mistaken in his interpretation of the law, given the facts and procedural history of the case.
The record reflects that at the time of defendant’s guilty plea on June 14, 2010, defendant understood that his sentencing range was from “0 to 49½ on each count at hard labor without benefit of probation, parole [and] suspension of sentence.” The court further ordered a pre-sentence investigation (“PSI”) on that date as well. Defendant acknowledged during the colloquy with the judge that the court was not promising to sentence defendant to any given term. There was no discussion during the hearing about placing defendant in the IMPACT Program or in any similar programs.
At the sentencing hearing on December 8, 2010, the trial court asked defendant if he had a chemical dependency or drug problem, to which the | ^defendant replied, “No, sir.” Once again, there was no discussion during the hearing about placing defendant in the IMPACT Program. The court sentenced defendant to 15 years at hard labor with credit for time served, without benefits. The commitment of December 8, 2010, accurately reflects defendant’s sentence.
Defense counsel objected to the sentence on the record, and defendant filed his first timely pro se Motion For Amendment of Sentence, under La.C.Cr.P. art. 881, on December 15, 2010. Although the court could have considered defendant’s motion timely under La.C.Cr.P. art. 881.1, it denied relief in its December 29, 2010 Order, in part, on the basis that La. C.Cr.P. art. 881 does not allow the amendment of a hard labor sentence once a defendant has begun to serve that sentence. Of important note, however, the judge also referred to and apparently considered the merits of defendant’s Motion To Amend or Modify Sentence, noting that the sentence was the result of a guilty plea, imposed after a PSI, and that the sentence was “within the statutory parameters provided.”
The defendant filed similar motions to amend his sentence on December 17, 2010 and January 6, 2011, both of which were denied by the court on similar grounds as its previous order with the added provisions that defendant’s pleading was, by then, also “repetitive and successive.”
La.C.Cr.P. art. 881, cited by defendant and pertaining to the amendment of sentences, provides, in relevant part:
A. Although the sentence imposed is legal in every respect, the court may amend or change the sentence, within the legal limits of its discretion, prior to the beginning of execution of the sentence.
B. (1) After commencement of execution of sentence, in felony cases in which the defendant has been sentenced to imprisonment without hard labor and in misdemeanor cases, the sentencing judge may reduce the sentence or may amend the sentence to place the defendant on supervised probation. Should the court consider any motion amending or changing the sentence imposed, either prior to or after execution of the sentence, the district attorney shall be notified and, if such motion is filed by the defendant, it shall be tried contradictorily with the district attorney, unless the district attorney waives such contradictory hearing.
*262 |ñIn this case, defendant sent a letter to the trial court dated December 20, 2011, which was filed on January 4, 2012. The letter, while not captioned as a motion by defendant, asked the court for “help” by way of a “simple recommendation ... for a Boot Camp/Impact facility Program or to simply be moved to a real D.O.C. facility.”
In an Order dated January 26, 2012, made in response to defendant’s “Letter To Court,” the court reiterated that defendant had been sentenced to 15 years imprisonment at hard labor, and that defendant was now requesting that the “court recommend him for the Department of Public Safety and Corrections’ Boot-camp/Impact Program.” The court stated:
The court commends the defendant on his desire to avail himself of trade and rehabilitative programs during his incarceration. Nonetheless, admission or denial into these programs is at the sole discretion of the Department of Corrections. La. R.S. 15:547.4. The defendant should direct his request to the Department of Corrections.
The court’s recommendation to Boot Camp/Impact programs is merely a recommendation, as this court has no authority or jurisdiction in how defendant’s sentence is to be served once he is in the custody of the Department of Corrections.
Although the court does not have such authority to order his admittance into the program, the court recommends to the Department of Corrections that defendant be located where such programs are available. (Emphasis added).
Defendant argues, in summary, that the sentence imposed on December 8, 2010, prevented him from being eligible to participate in a Boot Camp/Impact Program through DOC, and therefore the recommendation of the court was meaningless. Defendant further asserts that because he was not eligible for the programs, he should now be resentenced according to La. R.S. 15:574.4.1(G)(1)[4], Land this Court’s opinion in State v. Jones, 09-888 (La.App. 5 Cir. 3/23/10), 39 So.3d 651.
At the time of defendant’s offense, La. R.S. 15:574.4.1(G)(1) provided:
G. (1) If an offender is denied entry into the intensive incarceration program for physical or mental health reasons or for failure to meet the department’s suitability criteria, the department shall notify the sentencing court, and based upon the court’s order, shall either return the offender to court for resentenc-ing in accordance with the provisions of the Code of Criminal Procedure article 881.1 or return the offender to a prison to serve the remainder of his sentence as provided by law.
In Jones, supra, this Court considered the issue of whether a defendant was entitled to be resentenced pursuant to the statute when he was found ineligible to participate in the DOC’s intensive incarceration program. The trial court’s recommendation for intensive incarceration in that case, however, was made as a part of defendant’s initial plea agreement. As this Court noted:
In exchange for defendant’s plea, the State agreed to refrain from filing a bill of information alleging that defendant was a habitual offender. Further, and *263 most important to this appeal, the parties agreed that the trial judge would recommend defendant for an intensive incarceration, or IMPACT, program, colloquially referred to as “boot camp.” Id. at 652.
In reviewing the nature of defendant’s conviction, this Court determined that Jones was ineligible for intensive incarceration, and then remanded the case so that the Department of Corrections could formally notify the trial court of defendant’s failure to meet the department’s suitability criteria.
We find that defendant’s reliance on La. R.S. 15:574.4.1(G)(1) and Jones, supra, is misplaced. First, in this case, the record shows that a recommendation for intensive incarceration- was never discussed at the time of defendant’s sentencing on December 8, 2010, nor was a recommendation made as part of a plea bargain with defendant. The commitment and the sentencing transcript do not show the court’s recommendation for intensive incarceration. Accordingly, it appears that |sthe resentencing provision of La. R.S. 15:574.4.1(G)(1) is inapplicable under the facts of this case.[5]
The defendant next asserts that it has been an “injustice” that he was summarily denied participation in the impact program in spite of the court’s January 26, 2012 Order.
It is clear that the trial court’s recommendation did not carry the force of law. First, as previously mentioned, under La.C.Cr.P. art. 881, the court was prohibited from amending defendant’s hard labor sentence which he had already begun serving. The court’s Order of January 26, 2012, acknowledges this in stating, “The court’s recommendation to Boot Camp/Impact programs is merely a recommendation, as this court has no authority or jurisdiction in how defendant’s sentence is to be served once he is in the custody of the Department of Corrections.” Further, defendant’s 15-year sentence for attempted armed robbery precluded him from eligibility in the intensive incarceration program, which required that a defendant be sentenced to no more than a seven-year sentence. Id.
In summary, the record reflects that defendant was not promised a recommendation for intensive incarceration in return for his guilty plea. Therefore, resentenc-ing under La. R.S. 15:574.4.1(G)(1) is inapplicable. Once defendant began serving his hard labor sentence, under La.C.Cr.P. art. 881 the. court was prohibited from amending it. Defendant’s term of sentence exceeds the maximum allowed for consideration.
Accordingly, we find that defendant’s assignment of error lacks merit. Defendant’s conviction and sentence are hereby affirmed.

ERRORS PATENT DISCUSSION

RThe record was reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Welland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals no errors patent in this case.

AFFIRMED

. While the bill of information originally charged defendant with attempted armed robbery, the statute incorrectly cited was La. R.S. 14:64. However, a handwritten amendment to the bill of information on July 28, 2009, amended the statute notation to properly reflect that defendant was being charged under La. R.S. 14:(27)64.

. The record does not specifically provide a ruling on defendant’s Motion To Amendment [sic] And/Or Modify Sentence, which appears to have been filed on January 6, 2011. However, the court denied all of defendant’s previous motions, which sought identical relief. On January 19, 2011, the court issued an order denying defendant's Motion For Reconsideration of Sentence, which also appears to have been filed on January 6, 2011. We find that the court’s order of January 19, 2011, effectively denied defendant's Motion To Amendment [sic] And/Or Modify Sentence, although the motion was not specifically mentioned in the order.

. A judgment denying defendant’s motion does not appear in the record. However, in its order of July 9, 2012, the court indicated that it had denied defendant’s motion on December 14, 2011. In this Court’s disposition for writ 12-KH-30, this Court noted that defendant had attached a copy of the trial court's July 9, 2012 denial to his writ application.

. As noted by the State in its brief in 2010, La. R.S. 15:574.4.1(G)(1) was redesignated to La. R.S. 15:574.4.4 by Acts 2010, No. 241. For purposes of economy'and to avoid confusion, the current statute is noted even though “the penalty provision in effect at the time of the offense is the applicable provision.” State v. Sugasti, 01-3407 (La.6/21/02), 820 So.2d 518, 520-21.

. Additionally, we further note that the record does not contain any evidence of the denial of defendant's request, other than what is written in his own correspondence to the trial court.